## DAVIDSON v. GUNSOLLY.

In trover, by one having a lien on goods against the general owner, or against one who has converted the goods by his direction, the plaintiff can recover only according to his special interest; but against a stranger the full value of the goods may be recovered, although exceeding the lien, and the plaintiff will be a trustee for the general owner as to the balance. If the goods converted are of less value than the amount of the lien, no more can be recovered than their value.

The same rule prevails in replevin, under R. S. c. 124, sec. 29, p. 549, where either of the parties, at the commencement of the suit, has only a lien upon, or special interest in the goods replevied, and is not the general owner.

CASE reserved from Wayne Circuit Court.

*Davidson*, in person.

*Van Dyke and Emmons*, for defendant.

*By the court*, MILES, J. This was an action of replevin, for the taking and detention of a carding machine, commenced in the circuit court of Wayne county, where the cause was once tried, when the jury failing to agree upon a verdict, the subject matter of the action was submitted to an arbitrator.

For a statement of the subject matter of the suit, the parties to the submission referred to the pleadings; a copy of which were annexed to and formed a part of the submission.

The declaration was for taking and detaining one of Daggett's patent carding machines. The defendant plead: 1, not guilty; 2, property in one Henry B. Holbrook: 3, property in Holbrook and the defendant: 4, property in the defendant: 5, property in the defendant and the plaintiff. The plaintiff, it appears, claimed title as a purchaser, under a levy and sale upon execution from the circuit court against Holbrook.

By the submission it was provided, that the award of the arbitrator being made and reported within one year to the circuit court, the judgment thereon should be final; and by a stipulation endorsed on the submission, it was further agreed that the award should be entered as the judgment of the court in the case then pending; either party to

have the same right to correct such judgment as if the cause was duly tried in said court.

There is a further stipulation between the parties, requiring the referee to return, with his award, all the evidence, exhibits, and matters in testimony before him, to the circuit court.

It is manifest, from an inspection of the instrument in writing, executed and acknowledged by the parties, for that purpose, that the subject matter of the suit was submitted to arbitration agreeably to the provisions of the statute. R. S. 565.

After an award was made, a motion was submitted to the circuit court, by the plaintiff, to set it aside; and a counter motion having been made by the defendant, for judgment upon it, the questions of law arising upon these motions have been reserved by the circuit court for the opinion of this court.

There are several special provisions in the submission, which require the arbitrator to state: 1, The property of the defendant in the machine according to law: 2, Its actual value at the time it was replevied, if he finds the general property in the defendant: 3, The actual damages sustained by the defendant, if he finds that the defendant had only a lien on, or a special property in the machine. 4, If he shall find that the right of property was in the plaintiff, or that he was entitled to the possession, then that he shall assess adequate damages for the detention.

The arbitrator found that the plaintiff replevied the machine and appurtenances on the 12th day of February, 1845; that it was then worth $450; that the defendant at that time did not own the general property in the machine; that he had in it a special property, and was entitled to the possession thereof for four years succeeding the 1st day of April, 1843, by virtue of a lease from Henry B. Holbrook to him; that the *fi. fa.* was levied and the sale made subject to said lease; that the plaintiff had no right to take away the machine from the defendant at the time he replevied the same, but that the defendant was lawfully entitled to the possession of the same up to and until the 1st day of April, 1847. The award is dated in December, 1847.

The arbitrator then proceeds, in his award, to assess the damages of the defendant, and, as required by the submission, to state the principle by which he arrives at the amount of the same. He says: " I fur-

ther determine, &c., that the actual damages, consisting of the value of the rent and use of the machine, from the time it was so replevied from said Gunsolly by said Davidson, until the expiration of the said unexpired term, to wit, until the first day of April, 1847, independent of the question of loss of profits and injury to business, by its being so taken away, was at least two hundred and twenty five dollars. The basis upon which I so make up and find that amount being as follows, viz: that said Gunsolly could not have rented such a machine for the same space of time for a less sum; and that any one desiring the use of such a machine for such a time, would be willing to pay that price therefor; that that sum would be deemed a fair price; and that twenty five dollars would be a low and reasonable sum for taking down and putting up the same, receiving and returning it."

I have thus stated particularly this part of the submission, and of the award, for the purpose of noticing one of the objections made to it by the plaintiff, to wit, that the arbitrator has not thereby determined in whom the general property in the machine was, at the time it was replevied. If this objection is well founded, it is for the reason that the circuit court cannot know from the award what judgment to give.

In trover, by one having a lien on goods against the general owner, or one who has converted the goods by his direction, the plaintiff can recover only according to his special interest: but, in a like action against a stranger, the full value of the goods may be recovered, although exceeding the lien, and the plaintiff will then be a trustee for the general owner as to the balance—if the goods converted are of less value than the amount of the lien, no more can be recovered than their value. 7 Cowen 681, n. a; see, also, 5 Binney 457-60, showing this principle to be of very ancient origin.

The twenty-ninth section of the act relating to replevin, provides that when either of the parties to the action at the time of the commencement of the suit, shall have a lien upon or a special property in the goods, and is not the general owner, that fact may be proved on the trial, and the jury are required to find according to such fact by their verdict, and the court shall thereupon render such judgment as shall be just between the parties. R. S. 549.

This section was first enacted in 1841, Sess. L. 1841, p. 54, and is not contained in the statute of New York, from whence ours is derived.

It is said to have been intended to introduce in actions of replevin, the rules governing in actions of trover just stated. Tiffany's Treatise, p. 53.

If those rules are to apply, and I see no reason why they should not, then it seems to me the defendant might, on this award, be entitled to judgment for the value of the machine, or for a return, with damages for the detention.

But should not the plaintiff's property in the machine be ascertained to enable the court to say whether the defendant should have judgment for the damages alone, or for the value and damages, or a return and damages. If the plaintiff is the general owner by having acquired title under the sale on the *fi. fa.* against Holbrook, then the defendant is only entitled to the value of his special property; whereas, if the plaintiff is without right, the defendant is entitled to judgment for the value, or for a return, at his election. Whether the plaintiff acquired a title, must depend upon the interest of Holbrook, as he could by the purchase acquire no other or greater interest than Holbrook had. Hence, it is necessary to establish Holbrook's title, to show the property of the plaintiff.

The title of the plaintiff was put in issue by the pleadings, but is not determined by the award. That seems to be necessary, for the reasons just stated.

I have been somewhat embarrassed in the examination of this case, by the special provisions in the submission, and by the consideration that they might be intended to control the effect of the general submission of the subject matter, but, upon reflection, have come to the conclusion that, although they point out the duty of the arbitrator in certain particulars, they do not specify his whole duty, and that the submission would be equally well without them. I refer to the directions as to the assessment of damages in the event of finding a property in the defendant, or in the plaintiff, either general or special. It is unnecessary to inquire whether the suit was or was not discontinued by the submission: enough appears to show the intention of the parties, that the case should be tried before the arbitrator upon the rules of law applicable to the action of replevin, which was pending at the time of the submission.

Having determined that the award is defective in the particular allu-

ded to, the next inquiry is, how is it affected by such imperfection? The powers of the court designated in the submission, to control the award, are prescribed in the ninth section of the act concerning arbitrations—it may either vacate, or modify and correct.   One ground of an application to vacate, is, that the arbitrator so imperfectly executed his powers that a mutual, final and definite award on the subject matter submitted, was not made.   If we are correct in the view we have taken of this matter, here was an imperfect execution of the powers of this arbitrator.   The whole subject matter of the suit was submitted to him: he was sufficiently instructed, so far as the parties could do it by special directions and stipulations, and with every legal intendment in favor of the award, and in the exercise of all that liberality which we are bound to exert in its construction, it seems still radically defective.

There are other objections to the award made in the case, but as the one decided disposes of it, and as its many peculiarities have rendered the investigation of the questions involved somewhat difficult and embarrassing, I do not feel called upon to express an opinion on the other points, though all of them have been examined—trusting that the parties may never be under the necessity of again bringing the case into this court in its present shape.

*Certified accordingly.*