HOVE v. McHENRY & ALLISON ET AL.

1. **Replevin**: DETENTION AS BASIS OF ACTION: COSTS. The action of replevin cannot be maintained against one who does not detain from the plaintiff the possession of the property—(Code, § 3225); and in such case the defendant is entitled to judgment for costs. So *held*, in this case, when a mortgagee of the property sought to recover the same by action of replevin against an officer who was alleged to have levied upon the same in the hands of the mortgagor, and against the execution plaintiff; but it appeared on the trial that the officer had never in fact taken possession of the property, but had only taken a list of the property, which he left in the hands of the execution defendant, taking· from him a delivery bond therefor.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 12.

THIS is an action of replevin for certain articles of personal property. The petition alleges that plaintiff acquired an interest in said property, by virtue of certain chattel mortgages executed by one Ole Olson Hove; that defendants wrongfully took possession of said property on the 29th day of November, 1878, and refuse to deliver the same to the plaintiff, and that the alleged grounds of detention are that defendants, McHenry & Allison, obtained judgments, in 1878, against Ole Olson Hove, the mortgagor, and said property was levied upon by virtue of executions issued upon said judgments.

On the 7th day of January, 1879, the defendant, J. H.

Womeldorf, answered, averring that he holds the property described in plaintiff's petition, under and by virtue of three executions in favor of McHenry & Allison, against Ole Olson Hove, Sr., and Ole Olson Hove, Jr.

On the 12th day of January, 1881, the defendant, Womeldorf, filed an amendment to his answer, averring that he levied upon the property mentioned in plaintiff's petition, as the property of Ole Olson Hove, the alleged mortgagor of plaintiff, and that the property was never taken out of the possession of Ole Olson Hove, the same being receipted for by defendant in execution, plaintiff's mortgagor. On the 15th day of January, 1881, the answer of McHenry & Allison was filed, alleging that the defendant, Womeldorf, by virtue of executions in his hands, did levy on the property mentioned in plaintiff's petition, as the property of Ole Olson Hove, and by reason of said levy, the defendants acquired a lien on or an interest in said property, but denying that they acquired the possession of the property.

The cause was tried to a jury. The court submitted to the jury the following question: "Was the property in question ever levied upon or taken into possession of defendant, Womeldorf?" To this question the jury answered, "No." No instructions were given to the jury, and no general verdict was returned. The defendants thereupon filed a motion for a new trial, which the court overruled. The defendants thereupon filed a motion for a judgment for costs upon the special finding of the jury. The court overruled this motion, and rendered a judgment in favor of plaintiffs for costs. The defendants appeal.

*Brown & Portman*, for appellants.

*M. N. Johnson & Bro.*, for appellee.

DAY, J.—The evidence shows without any conflict that the defendant, Womeldorf, never deprived the execution defendant of the actual possession of the property, and that the defend-

ants did not have the property in their possession at the time of the commencement of this action. The defendant, Womeldorf, simply went to the farm of the execution defendant, and took a list of the property, and took a delivery bond from the execution defendant therefor. He did not take actual possession of the property. And so the jury have found in their special verdict. So far as any act of the defendants was concerned, there was nothing in the way of the plaintiff's taking actual possession of the property from his mortgagor.

The action of replevin is an action for the recovery of specific personal property. The petition must state the facts constituting the alleged cause of detention, according to the best belief of the plaintiff. Code, § 3225. The action will not lie in favor of one who is already in possession of the property in controversy, nor can it be successfully maintained against one who does not detain the possession of the property. The petition in this case alleges that the defendants wrongfully took possession of the property, and that they refused to deliver the same to the plaintiff. These allegations are put in issue, and they are material. And yet, notwithstanding the fact that there is an entire failure of proof of these allegations, and the evidence shows without any conflict that the defendants never did have the property in their possession, the plaintiff has a judgment against the defendants for costs. When the jury found specially that the property never was taken into the possession of the defendant, Womeldorf, that was an end of the plaintiff's case as to these defendants. The court should have sustained the defendant's motion for a judgment for costs. The defendant complains of the neglect of the court to submit the cause to the jury for a general verdict, and the refusal of the court to give certain instructions asked. These actions of the court, in view of the special verdict, become immaterial. The defendants are entitled to a judgment for costs upon the special verdict.

REVERSED.