ELIAS STEELE v. DANIEL F. MATTESON, LUMAN GILMAN
AND SAMUEL CLARK.

*Special findings—Time for entry of judgment—Joint parties.*

A special finding by a trial judge must consist of something more than an
informal statement made up of facts, items of evidence, offers of
proof, rulings on objections and an opinion on the result. Such
a document cannot be made the basis of a judgment.

Judgment on a special finding filed in vacation in a civil case, must be
entered as of the last day of the preceding term, or it will be irregu-
lar. Comp. L. § 4966.

A judgment against the plaintiff in replevin, for value, cannot be entered
in favor of several defendants jointly, where some of them are not
found to have been interested.

Error to Gladwin. (Hart, J.) April 10.—April 18.

REPLEVIN. Plaintiff brings error. Reversed.

*Eugene Wilbur* and *W. S. Tennant* for appellant. Judg-
ment entered by the clerk in vacation must be based on a
special finding by the judge : *Stansell v. Corning* 21 Mich.
242 ; such finding will be treated as a special verdict : *Raw-
son v. Parsons* 6 Mich. 401 ; *Sallee v. Ireland* 9 Mich. 154 ;
*Trudo v. Anderson* 10 Mich. 357 ; *Lovell v. Willard* 28
Mich. 346 ; *Delashman v. Berry* 20 Mich. 295 ; the judg-
ment must find its support in the actual state of facts ascer-
tained and reported by the judge, and no aid can be derived
from facts not embodied in the finding ; nor can facts of
equivocal import be reduced to a certainty by conjecture,
nor a ground of illegality be presumed : *Brown v. McHugh*
36 Mich. 434 ; a finding that does not decide everything
submitted for decision cannot stand ; it is incomplete in not
stating a distinct conclusion, or at least setting forth suf-
ficient facts to lead to one by inevitable inference : *Danaher
v. Ward's Estate* 40 Mich. 301.

*William Hemingway* for appellees.

GRAVES, C. J. The plaintiff sued in replevin for a quantity of saw-logs, and they were seized under the writ and delivered to him.

The trial was conducted without a jury, and the judge reserved a decision until the vacation and then sent to the clerk a summary of the proceedings, including his opinion and direction to enter judgment for the defendants. It does not appear that a special finding was demanded, and this paper did not cover such a finding. It was a mere informal statement containing some facts, together with items of evidence and offers of proof and rulings upon objections, followed by an opinion upon the result, with a direction to the clerk. This was regarded by the clerk as a regular finding, and he made it the basis of a judgment, which he entered in vacation, but not as of the last day of the preceding term.

There was consequently no proper basis for the judgment, and at the same time it was irregular in not being entered as of the time prescribed by the statute.*

But this is not all. It expressly appears from the minutes referred to that the judge was not able to find that two of the defendants were at all interested, and yet the judgment given is not a judgment for return of the property, but a money judgment against the plaintiff and in favor of all the defendants for $683.33. No view occurs of the statement on which this result was rested, which will support it or justify any judgment.

There must be a reversal with costs, and a new trial.

The other Justices concurred.

---

*COMP. L. § 4966. In all civil causes submitted to any circuit court in term time for decision, it shall be competent for the circuit judge to transmit to the clerk or register of such court in vacation, his judgment, order, or decree in said cause, *specifying in judgment at law the facts found*, and the conclusions of law thereon; and thereupon it shall be the duty of the clerk or register to enter in the proper record such judgment, order, or decree, *as of the last day of the preceding term;* which judgment, order, or decree shall have the same force and effect as if rendered in term time, and execution may issue thereupon as in other cases.