GEORGE S. STEERE AND NORRIS J. BROWN v. JACOB
VANDERBERG.

[See 67 Mich. 530.]

*Replevin—Judgment for value—Evidence.*

A defendant in replevin, in order to show himself entitled to a
judgment for the value of the goods replevied, need not, in
addition to showing possession under a claim of title, prove
that he has a title as against all the world, when no right or
title whatever appears in the plaintiff.

Error to Montcalm. (Smith, J.) Submitted on briefs
January 15, 1892. Decided February 5, 1892.

Replevin. Plaintiffs bring error. Affirmed. The facts
are stated in the opinion..

*William O. Webster,* for appellants.

*Mitchel & McGarry,* for defendant.

MONTGOMERY, J. The plaintiffs brought replevin for
a stock of drugs, which were taken on the writ and
delivered into their possession. The writ of replevin was
quashed, and the cause ordered to stand for the assess-
ment of damages. The case came on and was tried at
the circuit court, and on appeal to this Court was
reversed, and remanded for a new trial. 67 Mich. 530.
On the first trial it appeared that this defendant was in
possession of the goods when the writ was served, and it
also appeared that he had purchased the stock of N. O.
Griswold, who was acting as attorney or agent for various
creditors of one George C. W. Richards, among whom was
the firm of Hazeltine, Perkins & Co. It appeared on that
trial that attachment had been sued out against Richards,

and a sale made under an execution issued upon judgments obtained in such attachment proceedings. The defendant introduced in evidence on the first trial, and also on the second, a letter from Richards to one Mills, an agent of Hazeltine, Perkins & Co., which it is claimed gave authority to take possession of the goods, and make sale of them.

Complaint is made of various rulings of the trial judge, which were chiefly based upon the claim that the defendant was allowed to shift positions. It is urged that, as he attempted on the first trial to maintain that he acquired title to the goods in question through the attachment proceedings, he cannot now claim that the sale so made by Griswold after the goods had been bid in for the creditors in the course of such proceedings was under another and distinct authority.[1] There would be much force in this position if it appeared that the plaintiffs have shown themselves in a position to raise the question; but, unfortunately for them, they failed to show on this trial any title in themselves, or any right to possession, but sought to show that Richards had a better title than defendant. The goods were taken by the plaintiffs from defendant, who had been admittedly in possession of them for some months. The plaintiffs fail to show how they were concerned in any dispute between defendant and Richards. The question presented is, therefore, whether a defendant in replevin, in order to show himself entitled to a judgment for the value of the goods replevied, must, in addition to showing possession under a claim of title, prove that he has a title against all the world, when no right or title whatever appears in the plaintiff. The learned circuit judge was

[1] Counsel cited in support of this contention: *Morris v. Rexford*, 18 N. Y. 552; *Rodermund v. Clark*, 46 Id. 354; *Thompson v. Howard*, 31 Mich. 309, 312; *Beam v. Macomber*, 35 Id. 455; *Rowley v. Towsley*, 53 Id. 329, 339.

of opinion that no such burden rested upon the defendant, and we think he was right in so holding.

Section 8347 of Howell's Statutes provides that,—

" Whenever the defendant shall be entitled to a return of the property replevied, instead of taking judgment for such return as above provided, he may take judgment for the value of the property replevied, in which case such value shall be assessed on the trial or upon the assessment of damages, as the case may be, subject to the provisions of section twenty-nine of this chapter."

Section 29, referred to, provides that when either party to an action of replevin shall have only a lien upon, or special property or part ownership in, the goods and chattels described in the writ, and is not the general owner thereof, that fact may be proved upon the trial or on the assessment of damages, and the court shall thereupon render such judgment as shall be just. It has been held under this statute that a party with a special interest only may, as against a stranger, recover the full value of the property, and become trustee to the general owner for his interest. *Davidson v. Gunsolly,* 1 Mich. 388. It has also been held that when a third person, without any interest of his own, replevies from an officer, and return is awarded, the latter may in general, if not always, have judgment for the entire value, and become entitled to hold it for the owner's benefit. *First National Bank v. Crowley,* 24 Mich. 492. And the defendant in replevin, from whom property is unlawfully replevied, may have a claim for damages, on similar principles, even though not personally owning the property. In *Darling v. Tegler,* 30 Mich. 54, it was held that one not claiming any right of possession as against the plaintiff, and who defended only on the ground that no demand was made, could not under this statute recover more than nominal damages. It appeared in that case that the plaintiff in replevin was the true owner of the property, and under

the statute quoted it is clear the defendant can in no case recover value if the plaintiff shows himself to be the true owner; but, in the absence of such showing, the defendant may safely stand upon his possession, and cannot be required to prove full title as against a mere stranger. See Wells, Rep. §§ 692–694, and cases cited.

The other questions are rendered immaterial by this conclusion.

The judgment will be affirmed, with costs.

The other Justices concurred.