CLARK J. WHITNEY AND GIVENS E. VAN SICKLE v. ALMOND HYDE ET AL.

*Replevin—Waiver of return—Judgment for value—Appeal.*

|  |  |
|---|---|
| 91 | 13 |
| 101 | 243 |
| 91 | 13 |
| 105 | 228 |
| 91 | 13 |
| f125 | 664 |
| 91 | 13 |
| 140 | 359 |

1. A plaintiff in replevin, who is shown to be a stranger to the title, cannot complain of the entry of a judgment for the value of the property in favor of the defendant, who was in lawful possession at the time of its seizure; citing *Davidson v. Gunsolly,* 1 Mich. 388; *Bank v. Crowley,* 24 Id. 492; *Steere v. Vanderberg,* 90 Id. 187.

2. The owner of a piano delivered it to a railway company for shipment, from whose possession it was taken by the original vendor under a writ of replevin, in which two former owners were joined with the railway company as defendants. A verdict for the value of the piano was rendered in favor of the defendants, which was assigned in open court to the railway company by its co-defendants, but the judgment was entered in form against the three defendants. And it is held that the error is not one which makes a new trial necessary or proper, and the judgment is reversed, and one entered in the Supreme Court in favor of the railway company, with costs of both courts.

Error to St. Clair. (Canfield, J.) Argued March 2, 1892. Decided March 18, 1892.

Replevin. Plaintiffs bring error. Reversed, and judg-

ment entered in this Court in favor of defendant railway company. The facts are stated in the opinion.

*Sheldon A. Wood,* for appellants.

*Cyrus A. Hovey,* for defendants.

MONTGOMERY, J. This is an action of replevin, brought to recover a piano which had been sold by the plaintiffs to the defendant Almond Hyde, who delivered it as a gift to defendant Otho F. Hyde, who in turn sold it to one John P. Niggeman, to be delivered to the defendant railway company for shipment to Niggeman. It was so delivered and in the possession of the railway company when this suit was brought.

The plaintiffs claimed at the trial that the defendant Almond Hyde purchased the piano fraudulently, with intent not to pay for it. The jury found against the plaintiffs on this issue, and, the defendants having waived a return of the property, found the value of the property at $250. The defendants Hyde in open court assigned all their interest in the verdict to the defendant company, and thereupon the judgment was entered on the verdict in favor of said defendants for the value of the property as found by the jury. The entry of this judgment is assigned as error.

It is said that, as the evidence shows that Niggeman was the real owner, the defendants were not entitled to the full value of the property. But the rule is otherwise. When the defendant is in lawful possession of the property, and the plaintiff is a stranger to the title, he cannot complain of the verdict for its value in favor of the defendant. The defendant may be accountable to the true owner; but is, in the first instance, even though a mere bailee, entitled to the return of the property, or its value if return is waived. *Davidson v. Gunsolly,* 1 Mich.

388; *First Nat'l Bank v. Crowley*, 24 Id. 492; *Steere v. Vanderberg*, 90 Id. 187; Wells, Rep. § 763.

The cases of *Pearl v. Garlock*, 61 Mich. 419, and *Treadwell v. Paddock*, 75 Id. 286, cited by plaintiffs as supporting their contention, are not in point. In each of these cases plaintiff offered to show a title or interest in himself on a judgment of dismissal, and it was held that he was entitled to do so; but in the case at bar the plaintiffs' claim was litigated, and determined adversely to them; and, this being so, and the undisputed evidence showing the defendant railway company fully entitled to possession, a judgment upon the verdict might properly be entered in favor of such company. The judgment in form, however, was in favor of all the defendants. This was error. *Steele v. Matteson*, 50 Mich. 313. The error is not one which makes a new trial of the case necessary or proper.

The judgment below will be reversed, and a judgment entered in this Court in favor of the defendant railway company, with costs of both courts to be taxed.

The other Justices concurred.