THE FIFTH NATIONAL BANK OF GRAND RAPIDS v. SHER-
MAN B. DABOLL, CIRCUIT JUDGE OF CLINTON
COUNTY.

| 100 | 67 |
|-----|-----|
| 125 | 664 |

[See 89 Mich. 15; 97 Id. 502.]

*Equity practice—Consent order—Mortgage—Distribution of trust fund.*

1. Where the circuit court in chancery, to which a case brought to determine the amount upon which a dividend should be paid to the several creditors secured by a trust mortgage is remanded by the Supreme Court, to make the distribution of the trust fund in accordance with the decree of that Court, is convinced that its order of distribution is incorrect as measured by said decree, it has the power to vacate the order, to the end that the direction of the appellate court may be carried out.

2. A chancery order which does not purport upon its face to have been made by consent, and which was not considered by the circuit judge as having been so made on the hearing of a motion to vacate it, will not be treated as such on an application for a *mandamus* to compel him to vacate an order granting said motion.

3. In order to correct a misapprehension as to the effect of the decree in *High v. Fifth National Bank,* 97 Mich. 502, in which a bill was filed by a trustee to determine the amount upon which a dividend should be paid to the several creditors secured by a trust mortgage, it is held that that decree determined:

   *a*—That the direct claim of each creditor, as stated in the mortgage, was separate and distinct from his contingent claim; that it was as though separate mortgages, coincident in

point of time, had been given for said claims, each of which was entitled to its proportionate percentage of the fund, which percentage would not be affected by a part payment of any fund, unless it should be found to amount to a sum exceeding the balance unpaid of such fund, in which case such excess would be subject to application upon part-paid claims.

*b*—That the decree, by affirming in the main that of the circuit court, settled the aggregate amount of the two classes of claims of each of the litigants, but did not determine the amount of each claim making such aggregate.

*c*—That the decree directed a distribution, in conformity to these principles, among all of the creditors, and, as this Court could not determine whether the contingent claim of the relator, owing to large payments theretofore made upon it, would or would not be more than equaled by the sum apportioned upon such claim, no attempt was made to distribute the fund, but the case was remanded to the circuit court, to make the distribution in accordance with the decree.

4. And it is further held:

*a*—That the amounts found due to the respective creditors upon their demands cannot be changed, nor can the case be reopened for a rehearing, by the circuit court, this Court alone, if any, having the power to grant such relief; but as said decree contemplates a distribution which involves the ascertainment of the constituent elements of the respective sums due, which have not yet been determined, the circuit court may take steps for such determination, if any be necessary.

*b*—That much of the difficulty has arisen from basing the apportionment upon the amounts found due to the several creditors, whereas it should have been based upon the faces of their respective claims as stated in the mortgage; and if such apportionment resulted in extinguishing any claim or claims, the aggregate of such excesses would form a new fund, to be apportioned among the claims remaining unpaid, which latter apportionment also should be based upon the faces of the claims, and not on amounts remaining unpaid.

*Mandamus.* Argued March 6, 1894. Denied April 10, 1894.

Relator applied for *mandamus* to compel respondent to vacate an order setting aside an order of distribution of a trust fund. The facts are stated in the opinion, and in 89 Mich. 15, and 97 Id. 502.

*Earle & Hyde,* for relator.

*H. E. Walbridge,* for respondent.

HOOKER, J. , The Scofield Buggy Company, being in failing circumstances, gave a mortgage to a trustee to secure certain creditors.   Subsequently it made an assignment for the benefit of creditors, and one Pearl was appointed receiver.   Upon application of High, the trustee under the mortgage, the court ordered Pearl, the receiver, to pay over to the trustee the proceeds of the mortgaged property to the full amount of the secured claims.   This order was made February 4, 1891.   On May 18, 1891, Pearl filed a petition, alleging that a portion of the secured claims of the Fifth National Bank of Grand Rapids and other creditors arose upon indorsements by the Scofield Buggy Company of its customers' paper, and that considerable of this paper had been paid after the execution of the mortgage, and that some had been paid after proof of claims had been filed.   The object of this petition was to reduce proportionately the amount to be paid to the trustee, it being apparent that the property mortgaged would not produce the amounts of the debts mentioned in the mortgage.   Answer was filed by the Fifth National Bank, and proofs were taken, and on May 29, 1891, "on final hearing," an order was made by the circuit court, fixing the amounts upon which the claimants should have dividends as follows:   American Wheel Company, .$5,355.03; Julius F. Pratt, as assignee of the Home Savings Bank, $22,294.78; Julius F. Pratt, as assignee .of the Preston National Bank, $5,066.05;  the Fifth National Bank of Grand Rapids, $9,592.06.   An appeal was taken to this Court by the Fifth National Bank, which resulted in a reversal and vacation of the order as to the Fifth National Bank, as appears from the journal of this Court.[1]   There-

---

[1] See *American Wheel Co. v. Scofield Buggy Co.*, 89 Mich. 15.

after (and perhaps before) the Fifth National Bank claimed a dividend upon the amount of its claim as stated in the mortgage, which it would seem that other creditors had not done. Whether the reason of this was that it was not to their advantage to do so we need not inquire. At all events, we find some of them contesting this claim of the bank, and High, the trustee, on February 29, 1892, filed a bill, by reason of such contest, to settle this question. All parties to this controversy were made defendants, and the bill set forth at length the respective claims of Pratt and the American Wheel Company, as filed, for the amounts fixed by the order of the circuit court, hereinbefore referred to. The Fifth National Bank filed a separate answer. Pratt and the wheel company joined, admitting the averments in relation to their own claims. They neither admitted nor denied that they instigated the filing of this bill, but by their answer contested the claim of the Fifth National Bank. The case went to hearing upon stipulated facts, and among them the amounts of the respective claims of Pratt and the wheel company. A decree was made, fixing the amounts upon which the several claimants interested in the trust fund were entitled to payment, and the percentages of the fund to which they were respectively entitled, as follows:

| | | |
|---|---|---|
| American Wheel Company | $ 5,296 78 | .0734 per cent. |
| Julius F. Pratt, Home Savings Bank claim | 22,014 50 | .3095 per cent. |
| Julius F. Pratt, Preston National Bank claim | 5,002 80 | .0693 per cent. |
| Fifth National Bank | 22,558 19 | .3129 per cent. |

The decree ordered distribution in accordance with these figures.

From this decree Pratt and the wheel company appealed, and the only question presented and passed upon by this Court was the claim of the Fifth National Bank, which was modified, and the case remanded for a distribution in

accordance with the determination of this Court. The decree was in all other respects affirmed.[1]

On December 2, 1893, an order of distribution was made upon the application of the Fifth National Bank, in which the percentages were the same as those in the decree appealed from. Soon afterwards a petition was filed by the American Wheel Company and Pratt, alleging that of the claims included in said mortgage they had made proof of only so much as remained unpaid, and that under the decree of the Supreme Court they were entitled to a dividend upon the full amount of these claims as they existed on the 19th day of September, 1890, *i. e.*, the day of the execution of the mortgage. It alleged further that by the terms of the order of December 2 the Fifth National Bank would receive a dividend upon $905 which was not secured by said mortgage, which fact did not come to the knowledge of counsel until after December 2, 1893, and that the fund to be divided amounts to about $33,000, and the claims secured to $72,000, in round numbers, and that by that order the Fifth National Bank will receive at least $1,300 more than it is entitled to, according to the decision of the Supreme Court. The petition concluded with a prayer for an order vacating the order of December 2, and a distribution in accordance with the decision of the Supreme Court, and that the contingent claims of the Fifth National Bank, Julius F. Pratt, and the American Wheel Company be paid in full, and the remainder of the fund distributed among the secured creditors named in the mortgage on the direct liability *pro rata*, and that said Pratt and the American Wheel Company be permitted to make further proof as to the amount of their contingent claims on the 19th day of September, 1890, as secured by said mortgage, and that a rehearing

---

[1] See *High v. Fifth National Bank*, 97 Mich. 502.

might be had upon the matters involved in the petition.
An affidavit was filed in opposition to this application,
from which it is argued that the order of December 2,
1893, was a consent order. After a hearing, the court
made an order reciting that it appeared that the order of
December 2 was erroneous, and in violation of the order
of the Supreme Court, and gave the Fifth National Bank
an undue advantage over all of the other defendants in
the case, and ordering that it be set aside, and held for
naught. It further provided that Pratt and the American
Wheel Company might be permitted to take further proofs
upon their contingent claims, and that the cause might in
due time be noticed for rehearing for an order of distri-
bution. It does not authorize proof as to the amount
due the Fifth National Bank, or in any way attempt to
reopen the question of what sum is its due upon its claim.
A motion to vacate this order having been denied, the
Fifth National Bank applies for a *mandamus* to compel it.

It is contended upon behalf of relator that the order of
December 2 was a consent order, and that it could not
lawfully be vacated. The order does not, upon its face,
purport to be such, and apparently the circuit judge did
not so consider it. Again, it is contended by the counsel
for relator that the credits of Pratt and the American
Wheel Company are unalterably fixed by their admissions,
and the decree of the circuit court, which it is claimed was
affirmed as to them.

Counsel for both parties seem to have misapprehended
the effect of the decree of this Court, as appears from the
fact that the aggregate of direct and contingent claims
unpaid of each creditor is used as a basis for the compu-
tation of the percentage of the fund which such creditor
should receive. That decree determined:

*First.* That the direct claim of the creditor, as stated
in the mortgage, was separate and distinct from the con-

tingent liability; that it was as though separate mortgages, coincident in time, were given for them, each of which was entitled to its proportionate percentage of the fund.

*Second.* That such percentage was not affected by a part payment of any fund, unless it should be found to amount to a sum exceeding the balance unpaid of such fund, in which case such excess would be subject to application upon claims not paid in full.

*Third.* The decree, by affirming that of the circuit court, settled the aggregate amount of the two classes of claims of each of these litigants. It did not determine the amount of each claim making such aggregate.

*Fourth.* It directed a distribution, in conformity to these principles, among all of the creditors, and, as stated in the opinion, as this Court could not determine whether the contingent claim of the Fifth National Bank, owing to large payments theretofore made upon it, would or would not be more than equaled by the sum apportioned upon such claim, no attempt was made by this Court to distribute the fund, but the case was remanded to the circuit court, to make the distribution in accordance with the decree. This that court attempted, but, becoming convinced that its order was incorrect, vacated it, which it had the power to do, to the end that the direction of this Court should be carried out.

From the order vacated we find that, instead of apportioning a sum upon the direct claim of a creditor, and another sum upon the contingent, thus keeping the amounts applicable to each separate, a percentage of the fund, based upon the aggregate of the two claims, was ordered. This may or may not have been a harmless departure from the course directed. It would depend on the amounts remaining due upon each. If greater than the amount properly applicable, it would result in no injury to any one; if less, there would be a balance,

which should be subject to division among the unpaid claims, and this is claimed to be so in the case of the Fifth National Bank. It was therefore proper that the order should be vacated, if the judge was convinced of this fact.

But the order vacating the order of distribution went further, and provided that Pratt and the American Wheel Company might take further proofs upon the subject of their contingent claims. So far as the aggregate amount due each upon both classes of claims is concerned, that has been fixed by the decree. The amount of each claim of the 19th of September is fixed by the mortgage, rendering it unnecessary to take proofs to ascertain that. There is nothing to indicate that any one will be injured by the apportionment of a single percentage to Pratt or the American Wheel Company, based upon the bunching of the two claims; and, if there were such injury, from the nature of things, Pratt and the American Wheel Company would not be the sufferers, but would be benefited. So there was no occasion to take proofs for that purpose. It was important as to the claim of the bank if the facts did not appear in the record.

It goes without saying that the amounts found due to the respective creditors upon their demands by the decree of this Court could not be changed, nor can the case be reopened for a rehearing, by the circuit court, and the order did not authorize any such course. This Court alone, if any, has the power to grant such relief. But the decree of this Court contemplates a distribution which involves the ascertaining of the constituent elements of the respective sums due, which have not yet been determined, and we think the circuit court may take steps for such determination, if any be necessary. It seems to us that much of the difficulty has arisen from an apportionment being based upon the amounts found due to the several

creditors, whereas it should have been upon the faces of the respective claims *as stated in the mortgage.* If such apportionment resulted in extinguishing any claim or claims, the aggregate of such excesses would form a new fund, to be apportioned among the claims remaining unpaid, and this apportionment also should be based on the faces of the claims, and not on amounts remaining unpaid. We have been specific in these directions, to correct what appears to have been a misapprehension of the decree heretofore entered in this Court.

In view of the foregoing, we must deny the writ, with costs.

The other Justices concurred.