FREDERICK J. SIMMONS v. ZENAS N. ROBINSON AND MANFRED HILL.

*Replevin—Affidavit—Description of property—Assessment of damages—Action on bond—Defenses.*

1. The reason for the rule that where, in an action of replevin, judgment has been rendered, on a waiver of a return, for the value of the property, all proper questions must be litigated on the assessment of damages, is that How. Stat. § 8353, makes the amount of the judgment in such a case the measure of the recovery in a suit upon the replevin bond.

2. A description of property in an affidavit of replevin as " a quan-

---

[1] 3 How. Stat. § 7621*b*.

tity of wheat, rye, and oats, being one-half of the grain grown on the Simmons farm in the year 1892," is sufficient.[1]

3. The agent of a widow, to whom her husband had devised the use of his farm during her natural life, leased the farm on shares. The tenant harvested the grain growing at the time of the widow's death, and delivered her share to her son, to whom a second life estate had been devised, to take effect after the widow's death   The agent replevied the grain in justice's court, and recovered judgment, which was reversed on special appeal, and a judgment rendered in favor of the son for a return of the property, with damages for its detention, and costs.   On the assessment of damages the property was adjudged to belong to the son, and his damages were assessed at the difference between the market value of the grain at the time of the taking under the writ and at the time of the assessment. An execution was issued, and returned satisfied as to damages and costs, but unsatisfied as to the property, which the officer returned was not in the plaintiff's possession. In a suit upon the replevin bond, the defendants sought to show as a defense that, after the commencement of the replevin suit, an administrator of the widow's estate was appointed, to whom the agent delivered the property. And it is held that if the property belonged to the estate, and was delivered to the administrator, as claimed, the defendant in replevin cannot be said to have been damaged, as he would have been bound to make such delivery had the property been returned to him, and that the proposed defense was therefore available.

Error to Kalamazoo. (Buck, J.) Argued April 11, 1894. Decided June 26, 1894.

Debt. Defendants bring error. Reversed. The facts are stated in the opinion.

*Jesse R. Cropsey* (*A. J. Mills*, of counsel), for appellants. *Alfred S. Frost*, for plaintiff.

McGrath, C. J.   Defendant Robinson commenced suit

---

[1] For cases bearing upon the question of the sufficiency of the description of property in an action of replevin, see *Dillon v. Howe*, 98 Mich. 168, and note.

in replevin before a justice of the peace. The property was described in the affidavit as "a quantity of wheat, rye, and. oats, being one-half of the grain grown on the ·Simmons farm in the year 1892," and, in the writ, as "a quantity of wheat, rye, and oats, now in the possession of Frederick J. Simmons." Simmons appeared specially, and moved to quash the writ, for the reason that no proper description of the grain was given in the writ. The motion was denied, and plaintiff had judgment. Simmons took a special appeal to the circuit, where the judgment was reversed, and he had judgment for the return of the property, his damages to be assessed, and costs. Damages were afterwards assessed, and an execution issued, upon which the sheriff returned that he had collected the costs and damages, but that the property was not in Robinson's possession.

This is a suit upon the bond. The testimony tended to show that the grain in question was grown upon a farm of which Frederick J. Simmons, the father of plaintiff, died possessed; that, by the will, the use and possession of the farm was given to Delilah Simmons, widow of said Frederick J., for her life, then to plaintiff for his life, and then to the heirs of plaintiff in fee; that during the life of Delilah Simmons, and up to the time of her death, Robinson acted as her agent; that the farm had been leased through Robinson to one Moyer, who was to turn over one-half of the crops to Delilah Simmons; that upon the death of said Delilah, which was in June, 1892, the grain in question was growing upon the farm; that said grain was subsequently harvested by Moyer, and taken possession of by plaintiff; that after the replevin suit was commenced, upon Robinson's petition, an administrator of the estate of Delilah Simmons was appointed, and the grain in question was turned over to said administrator. The trial court held that, inasmuch as, on the assessment of damages, the

property was adjudged to be the property of the defendant in the replevin suit, and plaintiff here was allowed to recover the difference between the market value of the grain at the time of the taking under the writ and at the time of the assessment, defendants here could not avail themselves of the defense that the property belonged to the estate of Delilah Simmons.

It has been frequently held that where a judgment has been rendered, on waiver of a return, for the value of the property, all proper questions must be litigated on the assessment of damages, and are not afterwards open. *Williams v. Vail*, 9 Mich. 162; *Ryan v. Akeley*, 42 Id. 516; *Pearl v. Garlock*, 61 Id. 419. But the reason for the rule is that the statute (How. Stat. § 8353) makes the amount of the judgment in such case the measure of the recovery in a suit upon the replevin bond. *Ryan v. Akeley, supra.* The damages and costs in the replevin suit, in case judgment is taken for a return, are, by the same section, to be added to the value, as found in the suit upon the bond. The fact, therefore, that damages had been assessed merely for the detention, does not conclude the sureties upon the replevin bond.

It was held in *Steere v. Vanderberg*, 90 Mich. 187, and *Whitney v. Hyde*, 91 Id. 13, that a plaintiff in replevin, who was shown to be a stranger to the title, could not complain of the entry of a judgment for the value of the property in favor of the defendant in that suit, who was in lawful possession at the time of its seizure. Those cases follow *First National Bank v. Crowley*, 24 Mich. 492, where it was held that a sheriff was entitled to recover the full value of the property taken, although in excess of the executions in his hands, as he had the right of possession of the whole under the executions, and was accountable to the vendors for the excess beyond the executions and costs. But in the present case Robinson was the agent of

Delilah Simmons in her lifetime, and, after obtaining possession, turned the property over to the administrator of the estate of Delilah Simmons.   If the property belonged to that estate, and was delivered over to the administrator by Robinson, plaintiff here cannot be said to have been damaged.    Robinson did simply what plaintiff here would have been bound to do had the property been returned to him.    We think, therefore, that this defence was available in the suit upon the bond.

It is next urged that the court was without jurisdiction in the replevin case to award a return of the property and the assessment of damages, and *Parsell v. Circuit Judge*, 39 Mich. 542, is cited.    That was a case, however, commenced in the circuit, where the writ contained no description whatever of the property.    The present case was commenced before a justice of the peace.    The affidavit contained a description, the sufficiency of which does not appear to have been attacked, and it is the affidavit which gives the court jurisdiction.    A similar description was held good in *Humphrey v. Bayn*, 45 Mich. 565.

In reply to the objection that the execution issued in the replevin suit was returned by the sheriff one day before the return-day, plaintiff urges that defendants had put it out of their power to return the property.    If so, it was by the delivery thereof to the administrator of Delilah Simmons; and, if the estate of Delilah Simmons was the rightful owner of the property, such delivery is a complete defense.

The judgment is reversed, and new trial ordered.

The other Justices concurred.