H. A. JANDT, Appellant, v. W. H. POTTHAST AND HENRY A. POTTHAST.

False Representations: WRITTEN AND ORAL.  In an action to recover goods sold, false oral representations by the purchaser (on credit) as to his financial condition may be shown by the seller, who sold in reliance thereon, though written representations were made at the same time.

SAME: *Evidence of intent.*  Evidence that a purchaser of goods on credit persisted in concealing an indebtedness to his father after his attention was particularly called to written questions presented

to him to give the amount of his liability, is admissible, although he did not write down any answers to the questions themselves.

RELIANCE OF SELLER: *Credit man.* The seller may show by the testimony of his credit man that he would not have sold on credit had he known the purchaser's real financial condition.

*Memoranda by agent of seller.* Pencil memoranda made by the agent of the seller of goods on a statement by the purchaser as to his financial ability, to the effect that the latter bought the goods at a specified time and owes nothing on them, are admissable in evidence to show on what statements and representations, if any, the seller relied in making the sale.

Judgment: REPLEVIN: *Parties.* In replevin, a judgment for the value of the goods, in favor of a defendant who claimed them under a mortgage, but who did not introduce the mortgage or testify to any interest in the property, was erroneous.

*Same.* A judgment in replevin cannot be entered in favor of several defendants where one of them claimed no interest in the property and did not ask for a judgment for its return or the value thereof.

SAME. A judgment in replevin should not make any adjudication as to goods of which the plaintiff obtained possession otherwise than under the writ, and before the writ was levied.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, MAY 15, 1897.

THIS is an action of replevin for the recovery of certain goods, or the value thereof, which it is alleged defendant W. H. Potthast obtained by false and fraudulent representations as to his financial condition, which representations were made orally and in writing; that said representations were false, and known to be so by said defendant when made, and were made with the intent of deceiving the plaintiff; that plaintiff relied upon the truthfulness of said representations in parting with the goods, and has elected to rescind the sale; that he has demanded a return of the property. Other necessary allegations. were made. The answer is in denial. It admits, however, the sale of the goods; the election to

rescind; that the property is of the value claimed.
Denies making any representations except in writing.
Avers that he has executed to his co-defendant a
chattel mortgage on goods, including those in contro-
versy, and that said mortgage has been foreclosed.
In a reply it is averred that said defendant has volun-
tarily returned to plaintiff a part of the goods he
claims, of the value of two hundred and six dollars,
and that goods to the value of two hundred and sev-
enty-five dollars, only, have been taken under the
writ; that there is a balance due on plaintiff's
account, for goods not found, of seventy-eight dollars.
Defendant denies that he ever returned any of the
goods.   The cause was tried to the court, and a judg-
ment rendered for the defendants for two hundred
and seventy-five dollars, with interest and costs.
Afterwards, and on the application of the defend-
ants, the sum of two hundred and seven dollars and
eighty-four cents was added to said judgment, and a
total judgment of four hundred and eighty-one dol-
lars, with interest, rendered against plaintiff.   Plain-
tiff appeals.—*Reversed.*

*Strong & Owen* for appellant.

*Geo. W. Bowen* for appellees.

KINNE, C. J.—I.   When Allen, the plaintiff's
agent, sold the goods to the defendant W. H. Potthast,
the latter filled out and signed a printed blank state-
ment for the purpose of obtaining credit.   The state-
ment was addressed to the plaintiff, and, in
part, read:   "For the purpose of obtaining credit
with your firm for merchandise, * * * I,
W. H. Potthast, * * * do make the following full
and complete statement of my resources and liabili-
ties."   Then followed a schedule showing various

resources, of over five thousand dollars, and no liabilities. On the liability side of the statement appeared the following, among other matter: "For merchandise,—give name and dates when due." "For borrowed money. When due. Rate of interest. Security." "Confidential and other debts not included in the above." "Does the above statement show all your debts and liabilities, of every kind and nature whatsoever?" None of the questions on the liability side of the statement were answered. At the bottom of the statement were found these words: "The above statement, both printed and written, has been carefully read by me, and is a full and correct statement of our financial condition and mercantile connection at this date." It is signed by W. H. Potthast.

On the trial, plaintiff attempted to prove certain oral statements made by said defendant as to his liabilities at the time the order for the goods was given, to the effect that said defendant had stated and represented to the witness that he had no liabilities, which said statements were communicated to plaintiff before the goods were shipped. This evidence was ruled out, on an objection that it must be conclusively presumed that only the written representations were relied upon. This ruling is assigned as error. We are at a loss to understand upon what theory the court made its ruling. The proposed evidence was clearly admissible. It was admissible to show the intent of the defendant; that, after the matter of indebtedness was particularly called to his attention, he still persisted in concealing the fact that he owed his father two thousand dollars. This is a case of alleged false representation, and the evidence was admissible to establish the same, regardless of the written statement. *Scroggin v. Wood,* 87 Iowa, 502 (54 N. W. Rep. 437), and cases cited. It appeared that the agent selling the goods made a pencil

memoranda on the statement to the effect that the defendant "bought the stock in February, and owes nothing on it." It was shown that such was the oral statement made by the defendant. It was improperly ruled out. It was material to show upon what statements and representations, if any, the plaintiff relied in selling and shipping the goods. If this oral statement of the defendant was not communicated to the plaintiff before the shipment of the goods, as a matter of course, he could not have relied upon the same in making the sale.

II. Plaintiff sought to show by the testimony of one Erwin, his credit man, that plaintiff would not have sold and shipped the goods on credit, had he known the defendant's real financial condition. This evidence was ruled out as incompetent, immaterial, and irrelevant. It should have been admitted. It was material and relevant, for, if plaintiff would have made the sale in any event, he could not thereafter rely upon false representations made by the defendant. It was incumbent upon him to show· that he would not have consummated the sale, had he known of defendant's real condition. It was shown that Erwin had sole charge of the matter of extending credit. He was therefore a competent witness to testify to the matter as to which plaintiff had vested complete control in him.

III. It is contended that the judgment is contrary to the evidence and to the law. As for other reasons the judgment below must be reversed, and, in view of another trial, it is better that we do not discuss the evidence.

IV. On the application of the defendants, and after judgment had been entered against plaintiff for the value of the goods actually taken under the writ, the court added the sum of two hundred and seven dollars and eighty-four cents to the judgment. This

seems to have been done on the theory that plaintiff should pay for goods which were not taken on the writ, but had been turned over to plaintiff by the defendant. Plaintiff averred that said goods were voluntarily turned over by defendant to plaintiff. Defendant pleaded that one Rogers, acting as attorney for the plaintiff, obtained them by fraud, and sent them to plaintiff. No evidence was offered to sustain either claim. In some way the plaintiff obtained possession of this two hundred and seven dollars and eighty-four cents worth of goods otherwise than under the writ, and had actual possession of them when the writ was levied. It is very clear that these goods were not involved in this suit. This property was not taken, wrongfully or otherwise, under the writ. *Beroud v. Lyons*, 85 Iowa, 486 (52 N. W. Rep. 486); *Hove v. McHenry*, 60 Iowa, 227 (14 N. W. Rep. 301). The court had no jurisdiction over it in this action, and its action in rendering a judgment therefor was error.

V. It is claimed that the court erred in rendering a judgment in favor of the defendants. The claim is well founded. The defendant W. H. Potthast did not claim any judgment in his pleadings, except for costs. It is hardly necessary to cite authorities to the effect that the finding and judgment must follow the pleadings, and that a judgment in replevin cannot be entered in favor of several defendants jointly when some of them have no interest in the property. W. H. Potthast claimed no interest in this property, nor did he ask for a judgment for its return or its value. Cobbey, Repl., section 1142; *Steele v. Matteson*, 50 Mich. 313 (15 N. W. Rep. 488). W. H. Potthast not having claimed the property, and not having shown himself entitled to a return of it, a judgment for its value in his favor was erroneous. Wells, Repl., section 491. The

defendant H. A. Potthast in his answer claimed the property by virtue of a chattel mortgage upon it. He did not introduce his mortgage in evidence. He did not testify regarding any ownership of the property or claim upon it. In fact, there was no evidence whatever upon which to base a judgment in his favor.

VI. Other questions are discussed. As they are not likely to arise upon another trial, we do not pass upon them. For the reasons heretofore stated the judgment of the district court must be REVERSED.