## SALTER *v.* SUTHERLAND.

1. JUDGMENTS—AFFIRMANCE ON APPEAL—SUBSEQUENT CORRECTION.

Where a judgment on the merits in favor of defendant in replevin was affirmed by the Supreme Court on the sole ground that plaintiff did not have any right of property in the subject of the action, and it was subsequently discovered that the judgment failed to adjudge to defendant any recovery of the property or its value, the trial court was not precluded by such affirmance from amending the judgment so as to authorize such recovery, on motion made by leave of the Supreme Court.

2. SAME—REPLEVIN—TITLE TO SUPPORT JUDGMENT.

Where property was replevied from defendant's possession by a stranger to the title, defendant was entitled, on verdict in his favor, to a judgment for its return or for the value, even though he might be accountable for the property to the true owner.

3. SAME—AMENDMENT—SUFFICIENCY OF RECORD.

Property was replevied from defendant's possession by a stranger to the title, and defendant had a verdict, which also found the value of the property. Judgment was entered, which by mistake failed to adjudge recovery of the property or its value. There was no finding of any lien or special property in either party. *Held,* that the record showed sufficient to justify an amendment of the judgment giving a recovery for such value.

4. SAME—GRANTING OF MOTION—CONDITIONS.

Defendant's motion in the Supreme Court, after affirmance of judgment in his favor, for leave to move in the circuit for an amendment of the judgment entry, was granted only on condition that he consent that plaintiff might have a hearing on an application for a new trial as of the term in which judgment was entered.

Replevin by Marvin R. Salter, administrator of the estate of Julia E. Sutherland, deceased, against Daniel M. Sutherland. A judgment for defendant was affirmed March 6, 1900 (123 Mich. 225).

On defendant's motion for leave to move the circuit court for a modification of the judgment entry. Submitted November 13, 1900. Granted February 12, 1901.

*Searl & Kress*, for the motion.

*John T. Mathews* (*Cahill & Wood*, of counsel), *contra*.

MONTGOMERY, C. J. One Marvin R. Salter, as administrator of the estate of Julia E. Sutherland, brought an action of replevin in the circuit court for Gratiot county against the defendant. The case was tried in that court, and on the 3d day of February, 1899, a verdict was rendered in favor of the defendant and against the plaintiff. The journal entry of verdict and judgment, as appears upon the record, reads as follows:

"That the said defendant did not unlawfully detain the goods and chattels mentioned in manner and form as the said plaintiff hath in his declaration in this cause alleged, and assesses the value of the goods and chattels aforesaid at the sum of three thousand one hundred and eighteen and 47-100 dollars ($3,118.47). Therefore, on motion of George P. Stone, attorney for the said defendant, it is ordered and adjudged by the court now here that the said defendant do recover against the said plaintiff his costs and charges by him about his defense in this behalf expended to be taxed, and that the said defendant have execution therefor."

The plaintiff removed the case to this court by writ of error, and the judgment was affirmed on the 6th day of March, 1900. The opinion is reported in 123 Mich. 225 (81 N. W. 1070).

On the 15th of March, 1900, the defendant discovered, as he claimed, that the verdict and judgment was not complete, and moved the circuit court for an amendment of the same, which amendment was allowed. On the 13th of June, 1900, the plaintiff applied to this court, and secured an order, directed to the circuit judge, requiring him to show cause why he should not vacate the order

permitting the amendment.   Before this order was return-
able, the circuit judge, on his own motion, vacated the
order, assigning as a reason therefor that the better prac-
tice required that leave should first be obtained from this
court to make said motion.   Acting on this suggestion,
this application for leave is now presented.

It is contended that a judgment affirmed by this court
cannot be altered in the lower court in any material mat-
ter; citing *Fifth Nat. Bank of Grand Rapids* v. *Clin-
ton Circuit Judge*, 100 Mich. 67 (58 N. W. 648).   It is
undoubtedly true that the circuit court has no power to
modify in any material respect a judgment in any man-
ner inconsistent with the decision of this court; but in the
present case it appears that the error was not discovered
until after the decision of this court, and that no point
decided in the case by this court turned on the form of the
verdict or judgment.   The sole question presented in the
case for our decision was whether Mr. Salter had such
a right of property as entitled him to maintain replevin.

It is next contended that the defendant is not entitled to
the judgment which he now seeks to have entered for the
value of the property, and that there is not enough on the
record to show him entitled to the amendment claimed.
These two questions are closely related.   It is undoubtedly
the general rule that, where property is taken from the
possession of the defendant under a writ, he is entitled to
judgment for return; his possession, if lawful as against
the plaintiff, being sufficient to support this right.   *Steere*
v. *Vanderberg*, 90 Mich. 187 (51 N. W. 205); *Simmons*
v. *Robinson*, 101 Mich. 240 (59 N. W. 623); *Davidson*
v. *Gunsolly*, 1 Mich. 388; *Whitney* v. *Hyde*, 91 Mich. 13
(51 N. W. 696).   In the case last cited it was said:

"When the defendant is in lawful possession of the
property, and the plaintiff is a stranger to the title, he
cannot complain of the verdict for its value in favor of
the defendant.   The defendant may be accountable to the
true owner, but is, in the first instance, even though a
mere bailee, entitled to the return of the property, or its
value, if return is waived."

It is true there are exceptions to this rule, where one party or the other has a lien upon, or a special property in, the goods, and it is also true that if the plaintiff himself is shown to be the owner, or if the case fails against the defendant because he was not in possession, judgment for return or value should not be entered; but neither of these circumstances appears here.

Is there enough to amend from in the record? We think there is. The files show a replevin of the property from the defendant. The finding of the jury shows the value of the property. There is no finding, under section 10675, 3 Comp. Laws 1897, of any lien or special property in either party. We think leave to move the court to amend should be granted.

It has been suggested that justice requires that, if this order be made, the order should also give the circuit judge the right to set aside the judgment and grant a new trial. As the plaintiff in the action is not responsible for the delay in the proceedings, we think it should be made a condition to the relief prayed here that defendant consent to hearing an application for a new trial as of the term in which judgment was entered.

No costs will be awarded to either party upon this application.

The other Justices concurred.