HELEN M. BRAKEFIELD V. S. G. SHELTON *et al.*

No. 14,822.  (92 Pac. 709.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Instructions—Saving Exceptions —Transcript of the Record.* In the absence of a bill of exceptions section 276 of the civil code (Gen. Stat. 1901, § 4723) prescribes the only manner in which exceptions taken to the giving of instructions and to the refusal to give requested instructions by a district court to the jury can be made a part of the record of such court so as to be brought to the attention of this court by a transcript of such record.

2. ——— *Amendment of the Record—Evidence.* A motion to amend the record in an error case brought to this court on a transcript will not be allowed where no bill of exceptions was allowed and signed by the judge and no exceptions were noted on the instructions given or on the requested instructions refused by the court. No evidence can here be received of the taking of such exceptions in lieu of the signature of the judge.

3. FRAUD—*Evidence.* On the trial of a civil action in which the

claim for relief is based upon allegations of fraud great latitude should be given in the introduction of evidence tending to disclose the alleged fraud.

Error from Kiowa district court; EDWARD H. MADISON, judge. Opinion filed November 9, 1907. Reversed.

*John W. Davis*, for plaintiff in error.
*L. M. Day*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This suit was brought by plaintiff in error and her daughter against S. G. Shelton and A. W. Hershberger, to set aside a contract for the conveyance of land owned in equal interests by them. The contract to convey the land to the defendants in error was signed by the mother for herself and her daughter, during the minority of the daughter, and without legal authority therefor. The trial resulted in a judgment in favor of the daughter and against the mother, and of this adverse judgment the mother complains.

The defendants in error challenge the sufficiency of the record to bring up the errors alleged in the giving of instructions and the refusal of requests therefor. The plaintiff in error, conceding the ground for the objection, moves to amend; and we will first consider whether this motion should be allowed.

The record was evidently prepared with the intention of having it settled and signed by the judge as a case-made, but this was not done. Nor was there any bill of exceptions allowed by the court, nor were the instructions which were given and to which the plaintiff in error objects marked "excepted to by plaintiff" and signed by the judge, nor were the instructions requested and refused so marked and signed. The attorney for the plaintiff in error, however, shows by his affidavit that at the time of the giving and the refusal of the instructions in question he did except thereto respectively; that the judge told him to file his exceptions

with the clerk; and that he did prepare and file the instructions given and refused, with his exceptions thereto in writing.   He does not show, however, that the judge allowed and signed such exceptions.   Had the judge signed and allowed these exceptions it would have so far constituted a bill of exceptions.   The only other way of making exceptions to instructions or to requests therefor a part of the record is prescribed by section 276 of the civil code (Gen. Stat. 1901, § 4723), and is a statement of the exception on the instruction or request, signed by the judge and filed with the clerk. No other proof of the taking of the exception can make such exception a part of the record, and a transcript brings up nothing but the record.   The motion to amend is therefore denied, and we cannot consider the plaintiff in error's assignments of error Nos. 4 to 11, inclusive.

It is charged in the petition, and there is some evidence tending to support the charge, that one of the defendants, while acting as the agent of the plaintiff in error, concealed and misrepresented facts which affected the value of the land—she never having seen the land or having known anything in regard to the same except through his representations—and thereby secured from her the contract to convey the land to him and his partner at a grossly inadequate price.

It is familiar law that it is the duty of an agent in buying or procuring of his principal property which is subject to his agency to make known to the principal all facts which affect the value thereof and of which the agent has the more complete knowledge.   Any concealment of such facts is fraudulent, and vitiates the transaction secured thereby.   It is also trite that upon the trial of a charge of fraud great latitude should be granted in the introduction of evidence in support of the charge.   Fraud is secretive, and relies upon concealment for success, and he who would expose it must delve.   No obstacles merely technical should be allowed to impede him.   Under the circumstances of this case

we think the court erred in too rigidly excluding evidence. The plaintiff in error's husband owned this land, and upon his death the title devolved upon the plaintiff in error and her minor daughter. The plaintiff in error was not a witness in the case, never saw the land, and evidently had no information of facts determinative of its value except such as came to her from defendant Shelton, through her late husband, or through another agent, Hoyt. In the absence of the plaintiff in error as a witness it was desirable, if not essential, to prove that in making the contract she relied upon the representations of this defendant as to the character and value of the land, and her agent, Hoyt, was interrogated as a witness for this purpose. As before suggested, it had been shown that he was the sole intermediary between the plaintiff in error and defendants in error. The questions asked for this purpose, with the objections thereto and rulings thereon, are as follow:

"Ques. You may state whether or not in making this bond for deed she relied upon the representations made to you by Mr. Shelton. [Objected to by the defendants as incompetent and not the best evidence, and for the further reason that it calls for a conclusion and state of mind of a third person. Objection sustained.]

"Q. I will ask you to state whether or not Mrs. Brakefield would ever have signed this bond for deed or made this contract had it not been for the statements contained in Mr. Shelton's letters which have been introduced in evidence and the oral statements which he made to you. [Defendants object to the question as incompetent and calling for a conclusion of the witness. Objection sustained.]

"Q. Would you, as agent of the plaintiff, would you have permitted Mrs. Brakefield to have executed this instrument to Mr. Shelton had it not been for the letters you had received from Mr. Shelton and for the oral statements he made to you which you have testified about? [Objected to by defendant for the reason that it is calling for a conclusion of the witness. Objection sustained.]"

These questions were, perhaps, not very fortunately framed, yet their purpose was obvious; and while it is not usually proper for one person to testify directly to the state of mind of another, or to the effect of a certain cause upon the mind of another, it is a general but not an invariable rule to exclude such evidence, depending upon the witness's opportunity of knowing whereof he speaks. (1 Wig. Ev. §§ 658-661.) A credit man may testify that his principal would not have sold a man goods on credit had he known the man's financial condition. (*Jandt v. Potthast*, 102 Iowa, 223, 71 N. W. 216.) If A and B walk on the street talking politics, and C rushes up and shouts to B that his house is on fire, and thereupon B turns and runs in the opposite direction, toward his home, crying "Fire! Fire!" it would seem that A might well testify that B relied upon the information given him by C and started home by reason of it.

The third question which was excluded is in effect an inquiry as to the effect of the communications on the mind of the witness at a time when he was the confidential agent of the plaintiff in error, and was susceptible of an answer which might be materially beneficial to her as circumstantial evidence.

Evidence that defendant Shelton acted as agent for plaintiff in error's husband in regard to the land was also material.

The judgment is reversed and a new trial granted.