Braitch v. Guelick.

---

BRAITCH v. GUELICK.

1. **Intoxicating liquor: PROMISSORY NOTE: CONSIDERATION.** A note given in whole or in *part* consideration of intoxicating liquors sold contrary to law, is void in the hands of the payee or of an assignee having notice of the consideration. The illegal part of the consideration cannot be sepa rated from the legal, and taints the whole.

2. **Practice: METHOD OF TRIAL.** A proceeding in equity to enjoin the foreclosure of a chattel mortgage by notice and sale, in order to contest in the district court the amount due and the right to foreclose, is triable by the second method, and the finding of the court stands on appeal the same as the verdict of a jury.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 9.

THE plaintiff purchased a saloon and its contents of Geo. Guelick for $350, and paid cash $200 and gave his note for $150, payable to Geo. Guelick or order, in one month, and also gave a mortgage on the fixtures and furniture, " as well as all stock of wine, liquors, etc., beer and cigars " therein. The

note and mortgage were sold and transferred to the defendant, Guelick, before due. After maturity he was proceeding to foreclose the same by notice and sale, when the plaintiff by this action enjoined the sale, alleging that nothing was due on the note. The defendant made his answer a cross-petition to foreclose the mortgage. The plaintiff, by answer thereto, averred the note was given in part for intoxicating liquors sold contrary to law, and that the defendant, Guelick, had knowledge thereof before and at the time he purchased and obtained the note. On these issues the cause was tried to the court. The court found the facts for the plaintiff, and dismissed the cross-petition. The defendant appeals.

*Theo. Guelick, pro se,* and *Stutsman & Truelock* for the appellant.

*Samuel K. Tracey* for the appellee.

COLE, J. — This is, in effect, an action to foreclose a mortgage. The plaintiff began the proceedings to obtain an injunction, and for the transfer of the foreclosure to the district court, in order to contest the right of the mortgagee to foreclose, as well as the amount due. Rev., § 3659. The cause was therefore triable by the second method. Rev., § 3000. It was so tried, and the finding of the court stands here as the verdict of a jury; and, of course, can only be interfered with or set aside when manifestly against the weight of evidence. This finding is not so. That the note was given partly in consideration for intoxicating liquors is directly proven. The intoxicating liquors and the other articles were sold in a lump for a fixed price. The illegal cannot be separated from the legal consideration, and therefore the illegal part taints the whole. It is shown that the mortgage itself specifies that the note was given for wine, beer and liquors, in a bar-room or saloon, and that Guelick drew the note and mortgage, and had knowledge of the consideration they were given for, to wit: The furniture, fixtures and contents of the saloon. Although

whisky was not expressly mentioned, and there is no positive or direct proof that Guelick knew that whisky was actually embraced in the sale, yet the facts shown too strongly lead to that inference to justify us, under the rule above stated, in setting aside the finding of the court.  The note was void in the hands of the payee, or of any person having notice of the consideration.  Rev., § 1571.

Affirmed.