## SWEET, DEMPSTER & CO. v. OLIVER ET AL.

1. **Equitable Jurisdiction:** INJUNCTION: FORECLOSURE OF CHATTEL
   MORTGAGE.   The right to an injunction restraining the foreclosure of
   a chattel mortgage, and to a removal of the proceedings therefor into the
   Circuit or District Court, given by section 3317 of the Code, is not an
   absolute one, and does not exist where the applicant has a full and com-
   plete remedy in a pending action at law.

*Appeal from Marshall Circuit Court.*

SATURDAY, OCTOBER 22.

THE plaintiffs commenced an action against Mrs. A. E.
Oliver, in which an attachment was issued and said Oliver's
real estate and personal property attached, and Mrs. C. E.
Webster garnished.   Afterwards an amended petition was
filed, reciting the matters aforesaid and stating that said
Oliver had been engaged in business as a merchant, and had
in her possession at the time the attachment was issued goods
and merchandise of the value of about ten thousand dollars;
that said Oliver had given to Mrs. Webster, at different
times, mortgages on said merchandise and real estate to the
amount of about twenty-one thousand dollars, among which

was one for ten thousand dollars on said merchandise, which was fraudulent, having been given with intent to hinder and delay creditors; that Mrs. Webster had taken possession of said merchandise, and was proceeding to sell the same at private sale; that said Oliver was insolvent. The relief asked was that Mrs. Webster be made a defendant, and an injunction issue restraining her from applying the merchandise or proceeds thereof upon the amount claimed to be due her until it should be determined what amount was due, and whether the plaintiffs' claim should not be established as the superior lien on the merchandise; and if anything be found due said Webster that she be compelled to first exhaust the personal property before resorting to the real estate. An injunction was issued as prayed. Mrs. Webster appeared, filed an answer and motion to dissolve the injunction, which was over ruled, and she appeals.

*J. M. Parker*, for appellant.

*Brown & Binford*, for appellee.

SEEVERS, J.—It will be observed the petition does not allege the insolvency of Mrs. Webster. It is not deemed essential to set out at length the allegations of the answer. It being, we think, sufficient to state that it denies all fraud and asserts the mortgages were given to secure actual indebtedness or liabilities assumed by Mrs. Webster for the mortgagor. It was averred Mrs. Webster was solvent and able to pay any judgment that might be obtained against her as garnishee. Affidavits were read at the hearing to dissolve, but the allegation as to the solvency of Mrs. Webster was not controverted.

1. EQUITABLE jurisdiction: injunction: foreclosure of chattel mortgage.

The statute provides mortgages of personal property may be foreclosed by notice and sale without action in court, and that " the right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any one interested in so doing, and the proceeding may be transferred

to the District or Circuit Court, for which purpose an injunction may issue if necessary." Code, § 3317.

Counsel for the appellee, in addition to the section just quoted, cite *Hanlin v. Parsons*, 33 Iowa, 207, and *Braitch v. Guelich*, 37 Id., 212. In those cases there was no way of contesting the amount due or the right to foreclosure unless the proceeding to foreclose by notice and sale was transferred as the statute provides. Hence it was necessary to obtain an injunction to restrain the sale and make the transfer.

We do not believe the meaning and intent of the statute is that an injunction should issue and the transfer be made in all cases as a matter of right, but that it may be done when necessary to protect the rights of any one interested. If there is a full and complete remedy at law, then the general rule applies, that a resort to equity cannot be sanctioned.

It will be conceded that plaintiffs had two remedies, one being to garnish the mortgagee, and thus at law contest the amount due and the validity of the mortgage, or obtain an injunction and transfer the foreclosure proceeding, and thus in an equitable proceeding accompliish the same result. Instead of contenting themselves with either, the plaintiffs have adopted and insist on both. The garnishment proceeding was first in point of time, and afforded a full and complete remedy, and therefore a resort to equity cannot be had. The injunction was not necessary in order to afford the plaintiffs full and complete relief. The sale of the goods was not restrained because, as counsel states, they were being "sold to good advantage." An injunction restraining the application of the proceeds would not only be of no benefit as to Mrs. Webster if solvent, but positively injurious to all parties because interest would be accumulating while the money was lying idle.

There is no difference in principle between this case and *Silverman, Lindauer & Co. v. Kuhn*, 53 Iowa, 436. The action to dissolve the injunction should have been sustained.

Because conducing to brevity, nothing has been said as to

Hyde & Brothers, and we understand from the stipulation of the parties they are not in possession, and there is no reason why the whole matter at issue cannot be determined in the garnishment proceeding.

REVERSED.