RANKIN v. RANKIN. ET AL.

1. **Injunction:** NOT ALLOWED WHERE THERE IS REMEDY AT LAW: EXAMPLE: ENJOINING SALE OF MORTGAGED CHATTELS. One claiming to have a mortgage on chattels cannot have an injunction to restrain the sale of such chattels under another senior mortgage, on the ground that such chattels are not covered by such other mortgage; because he has an adequate remedy without the interference of equity, in that he may pursue the chattels, by virtue of his mortgage, at any time, into whosesoever hands they may pass by the sale.

*Appeal from Wright Circuit Court.*

FRIDAY, OCTOBER 23.

THIS is an appeal by plaintiff from the order of the circuit court sustaining a motion to vacate a temporary injunction, which had been issued on plaintiff's petition, restraining the defendants Graham and The Elwood Manufacturing Company from selling certain personal property in a proceeding which they had instituted for the foreclosure of two chattel mortgages, which were executed by the defendant T. D. Rankin.

*Nagle & Birdsall*, for appellant.

*R. H. Whipple*, for appellees.

REED, J.—Plaintiff and the defendants Graham and the Elwood Manufacturing Company each hold a chattel mortgage executed by the defendant T. D. Rankin, plaintiff's mortgage being junior in point of time to the others. Graham and the Elwood Company commenced proceedings to foreclose their mortgages by notice and sale, when plaintiff instituted this proceeding, in which he asks that they be enjoined from selling the property until the rights of the parties therein are determined, and asking that the foreclosure proceedings be transferred to the circuit court

for the purpose of having the interests of the parties in the property determined by the court. Defendants' mortgages cover the interests of the mortgagor in the crops of oats and corn then growing on certain designated tracts of land, while plaintiff's covers certain stacks of oats, also the interest of the mortgagor in the crop of corn growing on certain designated lands. Plaintiff's claim is that a portion of the oats in the stacks covered by his mortgage is not covered by defendants' mortgages, and that a large part of the corn covered by his mortgage is not included in theirs.

Before the injunction was served upon them defendants had taken possession of all the property, and had advertised it for sale, and claimed the right to appropriate the whole of it under their mortgages for the satisfaction of their debts. Among other grounds of the motion to vacate the temporary injunction are the following: " On the face of the petition the order for an injunction was improperly granted," and " defendant has a plain, speedy and adequate remedy at law for the wrong of which he complains." Either of these allegations of the motion, we think, affords a sufficient ground for vacating the injunction. A portion of the property which defendants were proceeding to sell was covered by each of the mortgages. Plaintiff's was the junior mortgage. Whatever interest he acquired in this property under his mortgage he took subject to defendant's mortgages. He clearly is in no position to question their right to foreclose their mortgages on the portion of the property which he admits is covered by their mortgages. He alleges in his petition that if defendants are permitted under their foreclosure proceeding to sell the portion of the property which is covered by his mortgage alone, he will suffer irreparable loss and damage, in that he will be deprived of the security afforded by his mortgage for his debt. But we do not see wherein he would be injured by such sale. The purchaser at a foreclosure sale can acquire title thereunder only to such property as was covered by the mortgage. Defendants' mortgages

cover certain designated property, and one who should pur-
chase thereunder would acquire only the title and interest on
which they operate.    Code, § 3312.    If, then, the defendants
in their foreclosure proceedings should sell any property not
covered by their mortgages, plaintiff would not thereby be
divested of his interest therein, but he might follow it into
the hands of the purchaser and enforce his remedy against it.
We are of the opinion, therefore, that plaintiff's petition
shows no grounds for the issuance of an injunction.

                                                AFFIRMED.