EVA M. BEROUD, Appellee, v. L. M. LYONS, Appellant.

1. **Replevin:** ANSWER ASKING AFFIRMATIVE EQUITABLE RELIEF: MOTION TO STRIKE. Where in an action to recover specific personal property, alleged to be wrongfully held by the defendant under a chattel mortgage which had been satisfied, the defendant answered claiming that he held said chattel mortgage, together with a mortgage on real estate in the form of a deed, as security for an indebtedness paid by him on account of the plaintiff, and asked that the husband of the plaintiff be made a party, and that he have a foreclosure of said mortgages, *held*, that the action of the court in refusing to transfer said cause to the equity side of the docket, and in striking the parts of said answer asking a foreclosure of said mortgages, and other equitable relief, was proper.

2. **Conveyance by Deed Absolute as Security:** EVIDENCE. Where the question whether a deed, absolute in form, was intended as a mortgage, is in issue, testimony of the grantor as to the conditions upon which said conveyance was made, and alleged to have been verbally agreed upon prior to its execution, is competent.

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

MONDAY, MAY 23, 1892.

MARCH 17, 1890, the plaintiff filed her petition alleging that she was the absolute and unqualified owner, by purchase, of certain specific personal property described, of the value of six hundred and fourteen dollars; that the defendant wrongfully detained possession of said property from her; and that the alleged cause of detention was by virtue of a pretended chattel mortgage which had been fully paid by the plaintiff. The defendant answered admitting possession, and claiming right thereto by virtue of a chattel mortgage executed by the plaintiff and her husband to O. A. Kentner, to secure a note executed by them for five hundred and ninety-eight dollars, due May 20, 1890.

The defendant alleged that at the same time, and for further securing said note the plaintiff and her husband executed a mortgage upon certain real estate described; that on July 19, 1889, the plaintiff and her husband executed to Kentner a mortgage which was in form absolute, as a conveyance of the same land to secure their three promissory notes then given for borrowed money, one being for five hundred and thirty-six dollars, one for one hundred and fourteen dollars and eighty-eight cents, and one for one hundred and three dollars and twenty-five cents; that afterwards the plaintiff and her husband became indebted to the defendant in the sum of one hundred and twenty-five dollars, which was unsecured. That Kentner was about to sell the chattel property embraced in the first mortgage mentioned, and thereupon the plaintiff and her husband agreed with the defendant that if he would advance the money to take up said obligations, and have the same transferred to him, that he should hold the property as security therefor, and also for the amount due him, in pursuance of which agreement he purchased said notes, and became and still is the owner thereof. That Kentner declined to convey the land embraced in the absolute deed which was executed as a mortgage, unless the plaintiff and her husband would consent thereto; whereupon they executed an instrument in writing releasing Kentner from liability by reason of such transfer, upon receipt of which he conveyed the land, and assigned the notes and mortgage aforesaid to the defendant. He alleges that he purchased said notes and mortgages at the request of the plaintiff and her husband, and upon the express condition that he should hold the property as security for the payment of said debts, and the debt due to him; that said mortgages are in full force, and that each of such notes remains wholly unpaid; and that, according to the chattel mortgage, he has a right to

have the same foreclosed at once, and, by reason of the conduct of the plaintiff and her husband, has a right to have said real estate mortgage foreclosed. He consents to the rebate of any interest which may be proper because of any of the notes not being due. The defendant set forth, as paragraph nine and one-half, his answer that the matters in controversy could only be settled in a court of equity; that, the amount due upon the chattel mortgage being contested, the foreclosure thereof could only be had in a court of equity. In paragraph ten he asked that the plaintiff's husband, Lyman Beroud, be made a plaintiff, and that he have judgment for the amount due him, and decree of foreclosure of the mortgages aforesaid. The plaintiff replied, admitting the execution of the notes and mortgages to Kentner as stated, and alleging that she conveyed said land by warranty deed to Kentner, in consideration of his agreement to cancel and satisfy said chattel mortgage and the note secured thereby; that the defendant, with full knowledge of the facts, took an assignment of the same, but without consideration, and with intent to defraud the plaintiff; that the writing signed by her and her husband, consenting that Kentner might transfer the lands described in the warranty deed without any liability to the plaintiff and her husband therefor, was procured by fraud, duress, and false representations. The defendant, for amendment to his answer, alleged that the First National Bank of Carroll, Iowa, purchased the chattel mortgage and note secured thereby, for value, before due, and without notice of any agreement other than shown by the papers themselves; that afterwards he purchased said note and mortgage from the bank, for value, without notice of any claim that the same was paid, and before the same was due, and at the same time purchased the other notes mentioned in the answer. The plaintiff replied that Kentner was president,

Wattles vice-president, and the defendant one of the directors, of said bank, and that the note has never been transferred by the bank, but is held by one of its officers, the defendant. Upon these issues the case was tried to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*M. W. Beach* and *Cole, McVey & Cheshire*, for appellant.

*F. M. Powers*, for appellee.

GIVEN, J.—I. Upon filing his answer the defendant moved the court to transfer the case to the equity docket, which motion was overruled. The plaintiff moved to strike certain paragraphs of the answer, which motion was sustained as to said paragraphs nine and one-half and ten. The appellant complains of these rulings, and, as they involve the same question, they are considered together. If the case were transferable both rulings were wrong; but if not transferable both were correct. This is an action to recover specific personal property, brought under section 3225 of the Code. Section 3226 provides that "the action shall be by ordinary proceedings, but there shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim." The controlling issue was whether the plaintiff was entitled to the immediate possession of the property at the time of bringing her action. She admits the execution of the chattel mortgage under which the defendant held the property, but alleges that it was fully paid and satisfied by the execution of the warranty deed, and that the defendant purchased said mortgage and note with full knowledge thereof. The issues involved therefore, were whether said warranty deed was executed in satisfaction of this chattel mortgage, and, if so, whether the plaintiff purchased the note and mortgage with

knowledge of that fact. There was no equitable issue involved, nor was the defendant entitled to have foreclosure of the mortgages in this action. If the written instrument executed by the plaintiff and her husband was not obtained by fraud and false representation, and was a valid instrument, it was an acknowledgment on the part of the plaintiff that the warranty deed was in fact a mortgage, and a consent that Kentner might transfer the same. It is contended that these issues involved the right of the defendant to foreclose the mortgage, and the amount due thereon, and hence that this action was a transfer of the proceeding to foreclose to the district court, as provided in section 3317 of the Code, and was therefore cognizable in equity. We do not think the bringing of this action had the effect of transferring the proceeding of foreclosure to the district court. It is plain that under said sections 3225 and 3226 the controlling question to be determined is the plaintiff's right to possession, and that the defendant is entitled to no relief in such an action except judgment for the return of the property and the value of his right therein where it has been wrongfully taken from him by the writ. There was no error in the rulings of the court upon these motions.

II. On the trial the plaintiff testified in substance as follows: That at the time of executing the warranty deed to Kentner, he agreed in consideration therefor to pay these several claims, including the one against the personal property in question, all of which amounted to over seventeen hundred dollars; that if the plaintiff and her husband would repay that sum to Kentner by the first of January following, he would deed the land back to them, and that if they did not so redeem the place he would give up all of said mortgages, and keep the land; and that they had not redeemed the place. The appellant moved to strike this testimony, and complained of the overruling of

his motion, contending that there was no issue upon the question whether or not the deed was a mortgage and that, if there was such an issue, a verbal agreement made prior to the execution of the deed is not competent. We do not understand the appellee to admit, either in pleading or in evidence, that the deed was but a mortgage. Her claim is that it was executed in consideration of Kentner's agreement to satisfy and cancel this chattel mortgage claim and the other claims mentioned, and that Kentner agreed to resell and reconvey to them upon their paying to him the amount of these claims by the first of January, 1890.

The appellant's claim is that the deed was not absolute, but conditional; hence there was an issue as to whether the deed was absolute or conditional. It is conceded that facts or circumstances may be proven to show that a deed absolute in form was only given as a mortgage, but it is contended that the appellee's testimony as to the agreements was not a statement of facts and circumstances. Certainly the making of such an agreement is a fact and a circumstance attending the execution of the deed from which its character may be gathered with greater certainty where the parties have not expressed their purpose in the form of an agreement. We think the admission of this testimony was within the rule laid down in the several cases cited.

2. CONVEYANCE by deed absolute as security: evidence.

The warranty deed was executed July 19th. Testimony was admitted, over the appellant's objection, as to conversations and negotiations between Mr. Kentner and the appellee on the day preceding, with respect to the terms and conditions upon which this conveyance was to be made. The appellant contends that this evidence was inadmissible, because of the parties having ultimately reduced their agreements to writing. Whether we view this evidence as tending to show facts and circumstances from which to find that the deed was but a mortgage, or as tending to establish

an agreement to resell and reconvey, it was alike admissible. The appellant cites cases recognizing the right to show facts or circumstances that would establish the absolute deed to have been given only as a mortgage; hence, so far as this evidence tended to show such facts or circumstances, it was admissible. It is equally clear that, in so far as it tended to establish an agreement to resell and reconvey, it was admissible. In neither view did the evidence tend to vary or contradict the writing, but to establish other and separate agreements claimed to have been made by the parties.

The appellant complains of other rulings of the court excluding evidence offered by way of cross-examination. We have examined these several assignments and failed to discover any errors in rulings of the court.

III. At the conclusion of the plaintiff's testimony the defendant moved for a verdict, relying upon the correctness of his claims already noticed. He complains of the overruling of the motion. For the reasons already stated, and the view we take of the testimony introduced by the appellee, we think the motion was properly overruled.

IV. The appellant complains of certain instructions, basing his complaint upon the grounds urged against the rulings already considered. The instructions are in harmony with the view of the case indicated in the rulings on admitting evidence and on the motion for verdict. For the reasons stated in considering those rulings, we hold the instructions to be correct.

V. The appellant contends that the verdict is contrary to the evidence. It is sufficient to say that while there is much to support the appellant's claims, those of the appellee have such support as that, under the familiar rule, we are not warranted in saying that the verdict is contrary to the evidence. The judgment of the district court is AFFIRMED.