B. F. TREANOR, Appellant, v. THE SHELDON BANK *et al.*

Resisting Foreclosure of Chattel Mortgage: Injunction Not Exclusive Method. The pendency of a replevin suit to recover mortgaged property in order to foreclose upon it, enables the mortgagor to assert usury against the mortgagee, in that action, and, hence, bars one to enjoin foreclosure, under section 3317, Code.

*Appeal from O'Brien District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, MAY 12, 1894.

THE plaintiff commenced this action in equity to enjoin the defendants from foreclosing a chattel mortgage upon the ground that the debt secured thereby was largely made up of usurious interest. There was a hearing on the merits, and a decree for the defendants. Plaintiff appeals.—*Affirmed.*

*J. H. Scales* and *Daniel Eiler* for appellant.

*Boies & Roth* for appellees.

Rothrock, J.—I. It appears from the pleadings in the case that the plaintiff executed a chattel mortgage to the defendant bank, dated September 30, 1889. In the month of October, 1890, the defendant demanded possession of the mortgaged property for the purpose of foreclosing the mortgage. The plaintiff refused to deliver the property, and the bank commenced an action of replevin, and the property was seized and advertised for sale to pay the mortgage debt. So far as appears, the petition, bond, and writ in the replevin suit were in proper form. The mortgage debt was due and, on the face of the transaction, the bank had the right to foreclose its mortgage. This suit in equity was commenced to restrain and enjoin the foreclosure of the mortgage, upon the ground that nearly all of the amount of the mortgage debt was usurious. The defendants answered, denying the allegations of the petition as to usury, and the pendency of the action of replevin was pleaded as a defense. The plea of another action pending was full and explicit, and the pleadings in the replevin suit were introduced in evidence on the hearing. The question was fairly presented, but, so far as the record shows, no attention was given to it in the court below by the plaintiff, and, so far as we are advised, the action of replevin is now pending and undisposed of.

One of the grounds of demurrer to a petition is "that there is another action pending between the same parties for the same cause." Code, section 2648. The bank could not demur because the ground of demurrer did not appear on the face of the petition. In such case it is required that the objection shall be taken by answer. Code, section 2650.

It is claimed by appellant that the two actions are unlike because the issues are not the same; and, to support this contention, our attention is called to the supposed cause of detention set out in the petition in the replevin suit. That cause is alleged to be that there was a prior mortgage on the property. The cause of detention is a formal averment required to be made in the petition. It does not make an issue between the parties. There was, in fact, no issue made in the replevin suit. But it was an action involving the right of the mortgagee to foreclose his mortgage, and the defendant in that action was called upon to interpose any defense he had to the foreclosure. He could plead usury, payment, or any other defense to the mortgage debt. He did not do that, but commenced this independent action in equity, and he claims that he has the right to maintain the action under section 3317 of the Code, which is as follows: "The right of the mortgagee to foreclose, as well as the amount claimed to be due may be contested by anyone interested in so doing, and the proceeding may be transferred to the district court, for which purpose an injunction may be issued if necessary." It has been held by this court that the right to maintain an action under this section of the statute is not absolute. It was so held in *Sweet v. Oliver*, 56 Iowa, 744, 10 N. W. Rep. 275, where the following language was employed: "We do not believe the meaning and intent of the statute is that an injunction should issue and the transfer be made in all cases as a matter of right, but that it may be done when necessary to protect the rights of anyone interested. If there is a full and complete remedy at law, then the general rule applies that a resort to equity can not be sanctioned." So in the case at bar. Every right of the plaintiff herein could have been fully protected in the action of replevin, and

he had no right to resort to an independent action in equity. We are thus met with this question at the threshold of the consideration of the case. We are not at liberty to pass it, and decide whether the claim of usury was established by the evidence. The decree will be affirmed, but without prejudice to the plaintiff to make such a defense as he may have in the action of replevin, if that action is yet pending.   AFFIRMED.