THE McCORMICK HARVESTING MACHINE COMPANY, Appellant, v. R. DE LA MATER, C. A. BABCOCK *et al.*

**Foreclosure of Chattel Mortgage:**    TRANSFER TO DISTRICT COURT: *Adequate remedy at law.* Under Code, section 4283, providing that the right of a chattel mortgagee to foreclose may be contested by any one interested, and the proceeding transferred

to the district court, for which purpose an injunction may issue, a chattel mortgagee claiming a prior lien is not entitled to an injunction to restrain the foreclosure of another chattel mortgage, as an adequate remedy at law, by replevin or garnishment existed against the second mortgagee, such mortgagee being solvent.

*Appeal from Osceola District Court.*—Hon. J. F. Oliver, Judge.

Wednesday, May 29, 1901.

This appeal is by plaintiff from an order sustaining a motion to vacate a temporary injunction which had been granted on plaintiff's petition, and which restrained defendant Babcock from selling certain personal property in a proceeding he had instituted for the foreclosure of a chattel mortgage executed by defendant R. De La Mater.—*Affirmed.*

*Cory & Arnold* for appellant.

*C. A. Babcock pro se.*

Waterman, J.—A harvesting machine is the property in controversy. Plaintiff and Babcock each hold a chattel mortgage upon it. The latter's mortgage covers considerable other property, to which plaintiff makes no claim. Each party asserts a priority of lien. Babcock began proceedings by notice and sale to foreclose his mortgage. Plaintiff then instituted an action in equity to foreclose its mortgage, making Babcock a party, and procured a temporary injunction from Hutchinson, J., restraining the sale by Babcock of the machine in question, and also an order bringing the latter's foreclosure proceeding into court. Subsequently Babcock filed a motion to vacate the injunction (1) because, on the face of the petition, the order was improperly granted; (2) plaintiff has a plain, speedy, and adequate remedy at law; (3) the allegations of the peti-

tion do not entitle plaintiff to the relief demanded, or to any relief in equity. Upon a hearing before Oliver, J., this motion was sustained, and the temporary injunction vacated. The correctness of this order of the court is the matter before us for review. Under the terms of his mortgage, Babcock was authorized to foreclose out of court by notice and sale. See Code, section 4273. This action was instituted by plaintiff under section 4283, Code, which relates to the foreclosure of chattel mortgages, and is in these words: "The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any one interested in so doing, and the proceeding may be transferred to the district court, for which purpose an injunction may issue if necessary." In *Sweet v. Oliver,* 56 Iowa, 744, it is said of this provision (then section 3317, Code 1873): "We do not believe the meaning and intent of the statute is that an injunction should issue and the transfer be made as a matter of right, but that it may be done when necessary to protect the rights of any one interested. If there is a full and complete remedy at law, then the general rule applies that a resort to equity cannot be sanctioned." Because plaintiff in that case had a remedy by garnishment, it not appearing that the chattel mortgagee whose proceeding was attacked was insolvent, the injunction granted by the trial court was dissolved. In *Treanor v. Bank,* 90 Iowa, 575, the doctrine of the last case is cited with approval in an action between the mortgagor and mortgagee. *Rankin v. Rankin,* 67 Iowa, 322, presents a state of facts almost identical with the case at bar. The contest was between two chattel mortgagees. The mortgage of the plaintiff, however, was admittedly junior to that of the defendant, whose foreclosure by notice and sale was sought to be restrained. In that respect plaintiff's rights in the *Rankin Case* were stronger than in the case at bar, for replevin would not lie against the defendant. The conclusion reached by this court in that case was that a right to an injunction did not

exist. That case seems decisive of the one before us. Plaintiff here, if its mortgage was prior, as alleged, to that of defendant, had an adequate remedy at law by replevin, or it could have garnished Babcock, who, so far as appears, is solvent. Having these legal remedies, there was no warrant for the injunction, and the trial court ruled properly on the motion to vacate.—AFFIRMED.