Points Decided.

(November 21, 1907.)

NEUSTADTER BROS., a Corporation, Appellant, v. ED-
WIN DOUST, Sheriff, Respondent.

[92 Pac. 978.]

CHATTEL MORTGAGE—FORECLOSURE SALE—INJUNCTION TO RESTRAIN
SALE—ACTION BY COMMON CREDITOR.

1. Where an order is made dissolving an injunction and sustain-
ing a demurrer and the plaintiff refuses or neglects to amend, and
thereafter the court enters a judgment of dismissal, and the plain-
tiff appeals from the judgment within one year after its entry,
and more than sixty days after the entry of the first order, the
appeal from the judgment is within time and will be considered on
its merits, but the appellate court will not review the action of the
court in dissolving the injunction.

2. Where a creditor of L. & W. commences an action under
section 3396, Revised Statutes, to enjoin the sheriff from the sale of
personal property covered by chattel mortgage, and fails to show
in his complaint that the debtor is insolvent, or that he has no other
property out of which to pay the plaintiff, and no demand has been
made upon the debtor for payment, and also fails to show that he
has obtained any judgment against the debtor, or has instituted any
action against him on the claim or has caused the property about to
be sold to be attached as security for the payment of the debt,
and fails to connect himself with any interest in or demand upon the
property about to be sold; *Held,* that the complaint does not state
a good cause of action and that a demurrer thereto was properly
sustained.

3. In order to entitle a creditor to an injunction against the sale
of personal property secured by a chattel mortgage, and enable
him to resist the foreclosure thereof, he should connect himself
with some interest in or claim upon the specific property either by
judgment, lien or attachment in order to constitute him an ''in-
terested party'' within the meaning of section 3396, Revised Stat-
utes.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial Dis-
trict for the County of Kootenai. Hon. R. T. Morgan, Judge.

Action by the plaintiff to restrain the sheriff from selling
certain personal property under affidavit and notice for the

sale of such property on chattel mortgage. Demurrer to the complaint sustained and judgment of dismissal entered. Plaintiff appealed from the judgment. *Affirmed.*

Samuel R. Stern and A. G. Kerns, for Appellant.

Every complaint should receive, if possible, such a liberal construction as will permit issues to be joined with respect to the facts and the law, so that a result may be had which will eventually test the issues upon their merits. (*Brown v. Baldwin* (Wash.), 89 Pac. 483.)

The complaint shows that the plaintiff in its own corporate capacity, and as assignee, representing a large indebtedness against the mortgagors, is maintaining the action so that the property covered by said mortgage would be applied to the payment of these claims, and that it would not be so applied if it was allowed to be sold under a fraudulent and void mortgage, and therefore asks that the sheriff be restrained from selling the property under such mortgage. This certainly shows that it has an interest in the matter complained of. The creditors represented by the plaintiff had the right to attack this mortgage and pray for injunctive relief. (7 Current Law, pp. 638, 639, sec. 4, and cases there cited; *Stephens v. Perrine,* 143 N. Y. 476, 39 N. E. 11.) The state of Idaho has substantially the same statute as the state of New York.

Ezra R. Whitla, for Respondent.

The only question raised in the court below was fully and completely decided and settled by an appealable order, and the fact that the court afterward made another order which might be appealable under section 4807, Revised Statutes, does not add any force or give any greater rights to the order already made, and an appeal, if taken at all from the first order, must be taken within the time provided by the statute. The order of May 14th decided the case, and the order of August 17th was simply a mere formality. (*Arnold v. Sinclair,* 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340; *Brown v. Vancleave,* 86 Ky. 381, 6 S. W. 25.)

The order of August 17th was an order after final judgment. (*Oliver v. Kootenai County,* 13 Idaho, 281, 90 Pac. 107.)

The plaintiff has not alleged that the firm of Lange & Wunderlich are insolvent or that they do not have sufficient property to satisfy all of their creditors. In such a case as this insolvency or its equivalent is a necessary allegation in a complaint. (*Rockford Watch Co. v. Rump,* 12 Wash. 647, 42 Pac. 213.)

The plaintiff is not entitled to maintain any action against the defendant until by legal or other proceedings he has obtained some right to the property covered by the mortgage given to the defendant bank, and its failure to allege that it has such a right, or that it has commenced some proceedings to obtain such a right, deprives it of a cause of action against the respondent. (*Howe v. Cochran,* 47 Minn. 403, 50 N. W. 368; *Ellingbor v. Brakken,* 36 Minn. 156, 30 N. W. 659; *Sherwin v. Gaghagen,* 39 Neb. 238, 57 N. W. 1005; *Fitzgerald v. Andrews,* 15 Neb. 52, 17 N. W. 370; High on Injunctions, 1403; *Talbott v. Randall,* 3 N. Mex. 226, 5 Pac. 533.)

"A creditor at large cannot attack a chattel mortgage as fraudulent until he has obtained judgment and execution or some legal process against the mortgaged property." (*People's Sav. Bank v. Bates,* 120 U. S. 556, 30 L. ed. 754, 7 Sup. Ct. Rep. 679; *Feary v. Cummings,* 41 Mich. 376-383, 1 N. W. 946; *Yetzer v. Young,* 3 S. Dak. 263, 52 N. W. 1054; *Noyes v. Ross,* 23 Mont. 425, 75 Am. St. Rep. 543, 59 Pac. 367, 47 L. R. A. 400; *Youngburg v. Walsh,* 72 Kan. 220, 83 Pac. 972.)

The plaintiff does not show that it is a party "interested" in this proceeding, or that it had any "interest" in the subject matter of the action. (Rev. Stats., sec. 3396; *Horn v. Water Co.,* 13 Cal. 62, 73 Am. Dec. 569; *Westcott v. Patton,* 10 Colo. App. 544, 51 Pac. 1021; *West Coast Grocery Co. v. Stinson,* 13 Wash. 255, 43 Pac. 35; *Gale v. Frazier,* 4 Dak. 196, 30 N. W. 138 (affirmed by U. S. Sup. Ct.); *Lewis v. Harwood,* 28 Minn. 428, 10 N. W. 586; *Limberg v. Higginbotham,* 11

Colo. 316, 18 Pac. 33; *McClurg v. Bindery Co.,* 3 S. Dak. 362, 44 Am. St. Rep. 799, 53 N. W. 428.)

AILSHIE, C. J.—The respondent made a motion to dismiss the appeal in this case on the ground that it was not taken within sixty days after the rendition and entry of the order from which the appeal is taken, nor within one year from any final judgment in the case. When the action was commenced a temporary restraining order was issued, and thereafter, on the fourteenth day of May, 1906, the judge made an order dissolving the injunction. The judge also sustained the demurrer to the complaint at the same time he dissolved the restraining order. Thereafter, and on the twenty-seventh day of August, "the plaintiff having failed, neglected and refused to amend his complaint," the court entered a judgment of dismissal and for costs against the plaintiff. The appeal was taken on August 7, 1907, and is from the final judgment and not from the order dissolving the injunction. The appeal from the judgment was taken within one year after the entry thereof, and is within the time prescribed by statute, section 4807, Revised Statutes. Of course, upon this appeal, the court cannot consider as to whether or not there was any error in the order dissolving the injunction except in so far as that question may incidentally arise in the consideration of the merits of the appeal from the judgment. As we view the matter, however, the first was purely an order dissolving the injunction. The plaintiff failing to amend his complaint, or rather, standing on his original complaint, the court thereafter and on August 27th, entered a final judgment of dismissal and for costs. An appeal from this final judgment could properly be taken within one year as has been done. The motion to dismiss the appeal is denied.

This action was commenced against the sheriff of Kootenai county to restrain and enjoin him from selling certain personal property described in the complaint under a chattel mortgage which had been previously executed by the copartnership of Lang & Wunderlich, in favor of the Exchange

National Bank of Coeur D'Alene City. The plaintiff alleged its existence as a corporation organized and doing business under the laws of the state of Oregon, the copartnership of Lang & Wunderlich, the official character of the defendant, and that on or about the twenty-fifth day of March, 1905, Lang & Wunderlich executed and delivered to the Exchange National Bank of Coeur D'Alene City their certain chattel mortgage, a copy of which was attached to the complaint and made a part thereof. Paragraph 5 of the complaint alleges as follows: "The said chattel mortgage, as to any of the creditors of said Lang & Wunderlich, was void from the beginning, and that as to the said creditors and any and all of them, the said chattel mortgage was and still is null and void and of no force and effect whatsoever or at all."

Paragraph 6 alleges that the holders of the mortgage made affidavit as required by law and placed the same, together with notice, in the hands of the sheriff, and that he levied upon the property and noticed it for sale, and that if not restrained, he would sell the property on the day fixed in the notice. Paragraph 7 alleges that the plaintiff sold and delivered to Lang & Wunderlich at their instance and request, between the first day of January, 1906, and the twenty-third day of February, 1906, certain goods, wares and merchandise of the value of $234.58. It is further alleged that no part of this sum has been paid and that the same is still due and owing. Plaintiff thereupon proceeds to allege the sale of goods and merchandise by several other parties to the firm of Lang & Wunderlich, and their failure to pay therefor and the assignment of those claims to the plaintiff. The defendant sheriff demurred to the complaint on the grounds (1) that the complaint failed to state facts sufficient to constitute a cause of action; (2) that it was ambiguous, unintelligible and uncertain; (3) that several causes of action have been improperly united; (4) that there is a defect and misjoinder of parties defendant. The court sustained the demurrer, and the only question properly before us for consideration is the sufficiency of the complaint. The complaint is totally defective and wholly insufficient to state a cause

of action against the sheriff in this case. The plaintiff makes no attempt to show that Lang & Wunderlich had no other property out of which to pay their indebtedness. It contains no allegation of insolvency, nor does it allege any facts from which insolvency can be reasonably inferred. It does not state that the plaintiff has ever made any demand on Lang & Wunderlich for the payment of the debt due, nor does it show any steps taken toward the collection of the same. They are not made parties defendant in the action against the sheriff, nor has the plaintiff reduced his claim to a judgment. He has commenced no action against Lang & Wunderlich—has never attached this or any property and in no way connects his right, interest or claim with the property that he seeks to restrain the sheriff from selling, and no assurance is given when he will prosecute his action or that he will ever obtain a judgment against them. It can make no difference to the plaintiff whether the sheriff sells this property or not, if Lang & Wunderlich pay the plaintiff. If they should have the means with which to pay their indebtedness to the plaintiff, or if they have other property, either merchandise or cash, then there can be no reasonable objection to their paying their other debtor, the Exchange National Bank.

This action is brought by the plaintiff to restrain the sheriff under the provisions of section 3396, Revised Statutes, which is as follows: "The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested in the district court by any person interested in so doing, for which purpose an injunction may issue if necessary." It will be noticed from the foregoing section that the right of the mortgagee to foreclose his mortgage and sell the property covered by it, may be contested by "any person interested in so doing." The question arises as to whether a general creditor who has no lien upon the property either by contract or by judgment, and who in no way connects himself with an interest in the property by lien or attachment, is an "interested party" within the meaning of this statute. The courts seem to have quite generally held that such a general creditor is not an interested party. It was

held in an opinion by Mr. Justice Field of California, in the case of *Horn v. Volcano Water Co.,* 13 Cal. 62, 73 Am. Dec. 569, that in order for a person to be an "interested party" so as to entitle him to intervene under a statute which authorizes "interested persons" to intervene, that his interest "must be that created by a claim to the demand, or some part thereof, in suit, or a claim to, or lien upon, the property, or some part thereof, which is the subject of litigation. A simple contract creditor of a common debtor cannot intervene in a foreclosure suit." The foregoing case seems to have been frequently cited with approval and followed, as will be seen from 1 Cal. Notes, 578.

In *Howe v. Cochran,* 47 Minn. 403, 50 N. W. 368, the supreme court of Minnesota, in considering the right of a general creditor to contest the validity of a chattel mortgage, said: "The defendants were not in position to question the *bona fides* of the mortgage to the plaintiff. It is only a subsequent purchaser or mortgagee or a creditor who has laid hold of the mortgaged property by legal process who on that ground can object that the mortgage is invalid."

In *People's Sav. Bank v. Bates,* 120 U. S. 556, 30 L. ed. 754, 7 Sup. Ct. Rep. 679, a case that was taken up from the state of Michigan to the supreme court, it is said: "A creditor at large cannot attack a chattel mortgage as fraudulent until he has obtained judgment, execution or some legal process against the mortgaged property." The supreme court cites and reviews a number of cases in support of this position.

In *West Coast Grocery Co. v. Stinson,* 13 Wash. 255, 43 Pac. 35, the supreme court of Washington had under consideration section 1656 of the Code of that state, which is to the same effect and in part identical with our section 3396, and held that, before a creditor could be heard to contest the foreclosure, he must show "an interest in the subject matter." (*Rockford Watch Co. v. Rump,* 12 Wash. 647, 42 Pac. 213; *Yetzer v. Young,* 3 S. Dak. 263, 52 N. W. 1054; *Fearey v. Cummings,* 41 Mich. 376, 1 N. W. 946; *McCormick Harvesting Machine Co. v. De La Mater,* 114 Iowa, 382, 86 N. W. 365;

*Sweet v. Oliver,* 56 Iowa, 744, 10 N. W. 276; *Treanor v. Bank,* 90 Iowa, 575, 58 N. W. 914.)

It would seem from the foregoing authorities that even if the plaintiff had otherwise pleaded a good cause of action, he would still not be within the purview of the statute, in that he in no way connects himself with an interest in or claim upon the property about to be sold. When he prosecutes his action, and seeks to enjoin a sheriff from the discharge of his official duty under process delivered him, the plaintiff should be required to state a good cause of action, and connect himself with such an interest as would entitle him to relief before being allowed to proceed further. Such has not been done in this case, and the demurrer was properly sustained. If the plaintiff conceived that this mortgage was absolutely void, or that any part of the property offered for sale by the defendant sheriff was not covered by the mortgage, he had an ample, plain, and speedy remedy at law by attachment. The judgment is affirmed, with costs in favor of respondent.

Sullivan, J., concurs.