James O. McDonald, Petitioner, v. George A. Johnston, Judge, Respondent.

No. 42675.

October 16, 1934.

Rehearing Denied January 19, 1935.

Stipe, Davidson & Davidson, and Frank Wilson, for petitioner.

Wisdom & Kirketeg, and R. Brown, for respondent.

Stevens, J.—Petitioner has filed no abstract in this proceeding, but a somewhat incomplete abstract has been filed on behalf of the respondent. The return of respondent discloses substantially the following facts and procedure: In December, 1933, James O. McDonald, mortgagee, commenced an action in replevin in the district court of Ringgold county against I. M. Webb and C. W. McColm, mortgagors, to recover the possession of the mortgaged

chattels which constituted all live stock, grain, machinery, tools, etc. A portion at least of the property seized by the sheriff under the writ of replevin issued in said replevin action was turned over to the plaintiff mortgagee by the sheriff and his receipt taken therefor. The defendant Webb appeared in the replevin action and filed a general denial of the allegations of the petition, and later filed an amended and substituted answer, setting up, among other defenses, want of consideration and fraud in the procurement of the mortgage:

As a further step in the procedure in his behalf, the said Webb also filed a document in the replevin action entitled a "Motion for an order compelling the plaintiff to have this case transferred to equity for the equitable foreclosure of his alleged mortgage." Subsequently, an amendment was filed to the foregoing document.

The aforesaid motion and amendment thereto are based upon three distinct grounds: (a) that the plaintiff is not the real party in interest and that C. W. McColm, his codefendant, is, in fact, the real party in interest; (b) want of consideration and fraud in the procurement of the mortgage; and (c) that, if the defendant be deprived of the possession of the mortgaged chattels, he will be unable to cultivate the farm upon which he then resided, and that himself and family will suffer great inconvenience and loss.

Whether the mortgagee was proceeding under the provisions of chapter 523 to foreclose the mortgage involved herein by notice and sale, or whether he was proceeding under the terms of the mortgage to sell the same, the record is not quite clear. This is perhaps immaterial.

In addition to the filing of an answer and amendment thereto, the motion and amendment thereto to transfer the foreclosure of the mortgage, and the replevin suit to equity, the defendant Webb filed a cross-petition and an amendment thereto in which relief is prayed against his codefendant, McColm. All of the documents filed were entitled as in the replevin action.

The motion to transfer the foreclosure of the chattel mortgage and the action in replevin to equity was sustained by the court. Thereupon this original proceeding in certiorari was commenced in this court. The writ prayed for was granted and due return made by respondent to this court. The principal ground alleged in the petition for a writ of certiorari is the alleged illegality of the ruling

of the court transferring the foreclosure of the chattel mortgage and the action in replevin to the equity side of the docket for trial.

The foreclosure of chattel mortgages by notice and sale is authorized by section 12352 of the Code. The procedure in such cases is prescribed in detail by succeeding sections of the Code. Included among the provisions of chapter 523, which deals with the foreclosure of chattel mortgages, is section 12362, as follows:

"The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by anyone interested in so doing, and the proceeding may be transferred to the district court, for which purpose an injunction may issue, if necessary."

The scope and purpose of the foregoing provision of the statute is, of course, to enable the mortgagor to invoke judicial aid in the determination of issues going to the legality or validity of the mortgage sought to be foreclosed. Similar provisions are to be found in the statutes of other states. The question here presented is not a new one in this state, although it has not recently been before this court. Section 12362 constituted a part of the Code of 1851. It has therefore long been with us. It should, perhaps, be stated that, some time prior to the ruling of the court upon the motion to transfer to equity an injunction restraining the plaintiff in the replevin action, petitioner in this proceeding, from selling the mortgaged chattels, was granted. The order granting this relief was not signed by the respondent.

The right to have the foreclosure of a chattel mortgage by notice and sale transferred to the district court for the purpose of contesting the validity of a mortgage by this court was sustained in Braitch v. Guelick, 37 Iowa 212; Hanlin v. Parsons, 33 Iowa 207; and in other cases. This right, however, is not absolute, and does not exist in all cases. The purpose of the statute authorizing such transfer must be considered and effect given thereto. If some other remedy is open to the mortgagor for testing the validity and legality of the mortgage or of making defense thereto. the statute does not apply.

It is provided by section 10942 of the Code that the foreclosure of a mortgage or deed of trust shall be by equitable proceedings. It is fundamental that a speedy and adequate remedy at law precludes relief in equity. The gist of an action in replevin is the wrongful detention of the property. Richards v. W. H. Hellen &

Son, 153 Iowa 66, 133 N. W. 393. If the defendant in a replevin action may set up his defenses therein and defeat the charge of unlawful detention, he must set the same up therein, and is not entitled to have the cause transferred to equity for trial upon issues triable at law. This court in Sweet, Dempster & Co. v. Oliver, 56 Iowa 744, 10 N. W. 275, said:·

"We do not believe the meaning and intent of the statute is that an injunction should issue and the transfer be made in all cases as a matter of right, but that it may be done when necessary to protect the rights of any one interested. If there is a full and complete remedy at law, then the general rule applies that a resort to equity cannot be sanctioned."

Such is the well-established rule in this state. Treanor v. Sheldon Bank, 90 Iowa 575, 58 N. W. 914; Rankin v. Rankin, 67 Iowa 322, 25 N. W. 263; Sweet, Dempster & Co. v. Oliver, supra; Beroud v. Lyons, 85 Iowa 482, 52 N. W. 486.

The inquiry, therefore, resolves itself into the simple question: Were the defenses pleaded by the defendant in the replevin action available to him therein? It is elementary that the defenses of want of consideration and fraud in the procurement of a written instrument may be pleaded in actions at law. Sylvester v. Ammons, 126 Iowa 140, 101 N. W. 782; City Deposit Bank v. Green, 138 Iowa 156, 115 N. W. 893.

Manifestly, if the mortgage in controversy was procured by fraud, deceit, or conspiracy as charged, or was without consideration, the plaintiff in the replevin action could not recover. The plaintiff's right to the possession of the mortgaged chattels was subject to any defense that negatived the alleged unlawful detention of the property. It could not be otherwise.

Actions in replevin are triable in ordinary proceedings, and shall not be joined with any cause of action not of the same kind, nor is the filing of a counterclaim allowable. Section 12178, Code 1931.

The only judgment to be entered in such action is the designation of the party entitled to the possession of the property, or, if return thereof may not be had, judgment for the value thereof. Section 12362 quoted above does not prescribe the procedure to be had in the district court upon transfer of the attempted foreclosure by notice and sale to such court. It would seem from the provisions

of the statutes referred to and the language to be found in some of the cases cited that the proceeding in the district court shall be in equity.

The defendant below in the replevin action had a speedy and adequate remedy at law. Every issue that could be tried in equity under the provisions of section 12362 of the Code was available to the defendant in the replevin action. The plaintiff was entitled to a jury trial, and the court was wholly without jurisdiction or authority to transfer the same to the equity calendar for trial.

The cross-petition filed by the defendant Webb prays relief against his codefendant. Nothing is presented in these pleadings for determination at this time. The petition filed in this court also challenges the legality of the ruling of the court upon an application for the production of evidence. Counsel for Webb have withdrawn the application and requested the court to set aside the ruling in so far as the same was adverse to the plaintiff.

Further discussion of the questions presented is unnecessary. For the reason already indicated, the writ must be sustained.—Writ sustained.

MITCHELL, C. J., and CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.